Ronald WEST, Appellant,

v.

DISTRICT COURT, State of Alaska,
THIRD JUDICIAL DISTRICT,
Appellee.

Eugene WILLIAMS, Appellant,

v.

SUPERIOR COURT, State of Alaska,
THIRD JUDICIAL DISTRICT,
Appellee.

David J. WALSH, Appellant,

v.

SUPERIOR COURT, State of Alaska,
THIRD JUDICIAL DISTRICT,
Appellee.

Nos. 2929, 2959 and 2960.

Supreme Court of Alaska.

March 13, 1978.

Monica Jenicek, Ivan Lawner, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellants.

Warren G. Kellicut, Peterson, Melaney & Kellicut, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

BURKE, Justice.

These three cases, consolidated for appeal, raise issues concerning the imposition of sanctions for indirect contempts. Assistant District Attorneys David J. Walsh and Eugene Williams were each fined $25.00 by Judge Ralph E. Moody of the superior court for their failure to furnish discovery materials in connection with two criminal prosecutions.[1] Ronald West, a private attorney, was assessed $50.00 by Judge Vochoska of the district court on the ground that West's client, James Harne, did not appear for his trial. All three appellants claim that they were not given adequate notice and the right to a hearing on the contempt sanctions, so as to deny their rights to due process.

In the case prosecuted by appellant Walsh two defendants charged with theft-related offenses filed motions for continuance of an omnibus hearing based on Walsh's failure to provide requested discovery materials.

At a hearing on this motion, appellant Walsh explained to the trial court that he did not know of the existence of one of the documents requested by the defendant, since the state police had not provided it for his file. Remarking that Walsh was in a better position than the defense to learn what documents existed in the case, the trial court stated:

> Well, I'm going to give you five days to furnish [the document], plus five days to indicate why you didn't furnish it on time, and I'm going to withhold whatever sanctions there may be coming until I hear from that . . . .

Walsh filed an affidavit stating that he had not been given the requested document by the troopers and thus did not know of its existence.

On April 12, 1976, defendants moved for a second continuance of the omnibus hearing, in order to have an opportunity to examine the additional material provided by appellant Walsh. Assistant District Attorney Keenan represented the state at a hearing on the motions for continuance, and at that hearing Judge Moody imposed a fine of $25.00 on appellant Walsh for not having made a better showing why discovery was incomplete.

> THE COURT: All right Mr. Walsh, $25.00 fine to be paid in 24 hours unless he makes a showing better than he has as to why he did not comply with the order, to be paid to the clerk of court. Now, if he wants to appeal—if he gives notice of appeal, that will be sufficient. Otherwise, he has to pay it or he cannot practice in the court.

Walsh paid the fine on the following day.

The facts presented by the Williams' appeal are similar to those in Walsh. On April 22, 1976, the date originally scheduled for an omnibus hearing for defendant George Harris, the hearing was continued after the defense reported that the district attorney had failed to provide discoverable materials. Judge Moody, upon learning that Harris' case had been assigned to Assistant District Attorney Williams, who was not present at this hearing, fined Mr. Williams $25.00 for failing to provide discovery. Judge Moody specified that this fine was to be paid within 24 hours unless Williams

---

1. Rule 16, Alaska R.Crim.P. provides that certain materials shall be disclosed to the defense without the necessity of a motion to produce. Other materials are discoverable upon entry of an appropriate order.

made a showing why the sanction should not be imposed.

Although Williams filed an affidavit within 24 hours stating that copies of the police reports had been prepared at the defendant's request on April 20, 1976, and were left at the front desk to be picked up, at a later hearing Judge Moody upheld the sanctions on the basis that Williams had not provided the materials on time. The trial court further stated that if Williams failed to pay the fine or appeal within ten days, he would be suspended from practice in the trial court until he did so.

Ronald West, a private attorney, represented James Harne, who was scheduled for trial before Judge Vochoska of the district court at 9:00 a. m. on November 20, 1975. West appeared at that time, but Harne was not present. The trial court called a recess to allow West time to locate his client. When court resumed, West informed the court that his client had been confused by West's notice letter and had not known he was to appear for trial. The trial court continued the trial but imposed sanctions of $50.00 on Mr. West.

THE COURT: Well, I think someone should pick up some of the cost on this. I don't think the taxpayers of the State of Alaska should have to really pay when [the jurors are] not being used and when the delay is caused through just neglect on behalf of an attorney or the client, and I can't tell whose fault it really is. It's somewhere between your office and the man himself. And I don't know what that is. *I'm going to assess costs—not costs, but sanctions of $50 because you're not ready to go to trial.* And it may not be your fault but it's at least yours or your client's. And if it's your client's, then he should be made to pay you that back, I would imagine. (emphasis added).

■ As to Walsh and Williams the notice issued does not require discussion since our review of the record compels us to hold that, even if there was adequate notice, there was insufficient evidence of wilful non-compliance, with the superior court's orders for discovery, to support the imposition of contempt sanctions. According to the uncontroverted affidavit of Walsh, he did not know of the existence of the documents requested by defense counsel. Williams, according to his own affidavit, which was also uncontroverted, directed that copies of the requested police reports be prepared by a secretary in his office immediately after receiving the request for those documents from defense counsel. A reply affidavit, submitted by one of defense counsel's associates, indicates that the copies could not be found, when she went to pick them up, but in no way states that Mr. Williams did not do what he said he had done. Such evidence, in our view, fails to establish that either Walsh or Williams wilfully disobeyed the order of the superior court. Before one can be punished for contempt of court, it must appear that there has been a wilful disregard or disobedience of the authority or orders of the court. *Taylor v. District Court,* 434 P.2d 679, 681 (Alaska 1967). Thus, the contempt sanctions against Walsh and Williams must be reversed.

■ Appellant West argues, *inter alia,* that the trial court erred in failing to meet the procedural requirements of Rule 90(b), Alaska Rules of Civil Procedure,[2] since Judge Vochoska did not give West any notice of the possibility of a contempt sanction before he imposed the $50.00 fine. Although a technical infraction of Rule 90(b)'s affidavit requirement may not constitute reversible error if other adequate notice is provided, in this case the appellant received

2. Since the conduct found by the trial court to be contemptuous was committed outside of the presence of the court, appellant's contempt, if any, was indirect and therefore governed by Rule 90(b), Alaska Rules of Civil Procedure, which provides in pertinent part:

(b) *Other Contempts—Proceedings—Parties.* For every contempt other than that specified in subdivision (a) of this rule, upon a proper showing on ex parte motion supported by affidavits, the court shall either order the accused party to show cause at some reasonable time, to be therein specified, why he should not be punished for the alleged contempt, or shall issue a bench warrant for the arrest of such party.

no order to show cause or any other notice of the charges against him. Appellee responds by asserting that the $50.00 fine was only "costs," imposition of which is authorized by Rule 95(a), Alaska Rules of Civil Procedure, which provides:

> For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

We find such argument to be without merit. Judge Vochoska, himself, characterized the $50.00 fine imposed upon West as a sanction, rather than "costs." The sanction was quite similar, in fact, to the one for indirect contempt imposed in *Continental Insurance Cos. v. Bayless & Roberts, Inc.,* 548 P.2d 398 (Alaska 1976). There the superior court fined Continental $10,000 for failing to comply with a discovery order and causing delay in the discovery proceedings. In that case, we held that the provisions of Rule 90(b) require notice and a hearing for indirect contempt. *Id.* at 403. Since the district court failed completely to meet the notice requirements of Rule 90(b), the sanction imposed on appellant West must also be reversed.

REVERSED.

MATHEWS, J., not participating.