Ben ESCH, Appellant,

v.

SUPERIOR COURT OF the State of
Alaska, THIRD JUDICIAL
DISTRICT, Appellee.

No. 2966.

Supreme Court of Alaska.

April 21, 1978.

M. P. Evans, Dickson, Evans and Esch, Anchorage, for appellant.

F. P. Pettyjohn, Pettyjohn & Pestinger, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

BURKE, Justice.

In this appeal, appellant Ben Esch, an attorney, challenges a $500 sanction imposed against him by the superior court. The sanction was based upon Esch's alleged failure to file a brief in accordance with certain briefing schedules established by the court.

Esch was retained by one Robert Starr to seek reinstatement of an appeal to the superior court, notice of which had been filed after Starr's conviction for reckless driving. The appeal was dismissed after Starr failed to file his opening brief. On January 30, 1976, the Honorable Ralph E. Moody, Presiding Judge of the Superior Court, Third Judicial District, agreed to reinstate Starr's appeal. Judge Moody established a briefing schedule and assigned the case to the Honorable James A. Hanson, Judge of the Superior Court, at Kenai, Alaska.

When the district attorney expressed concern over the future handling of Starr's appeal, the following exchange occurred:

> MR. ESCH: . . . Your Honor, I was retained by Mr. Starr and I am entering an appearance on behalf of Mr. Starr as of this date. I've explained to Mr. Starr I will not be doing the briefing schedule—doing the briefing myself. . .
>
> THE COURT: Yes, but you're the attorney of record.
>
> MR. ESCH: . . . [H]owever, we are all on notice as of this—at this time and I will file a substitution of counsel when—as soon as I'm notified by Mr.
> . . .
>
> THE COURT: As far as I'm concerned you're counsel as of now.
>
> MR. ESCH: I am counsel as of now and if anything happens from now on I realize it'll be on my shoulders.

Judge Moody's briefing schedule required that Starr's brief be filed in the superior court by February 15, 1976. No brief was filed by that date. On February 16, 1976, appellant Esch filed a motion for an extension of time for filing the brief and for appointment of the Public Defender to handle Starr's appeal. On April 21, 1976, Judge Hanson denied the motion for appointment of the Public Defender, extended the time for filing appellant's brief until May 1, 1976, and ordered appellant Esch to show cause why he should not be sanctioned for his failure to follow Judge Moody's briefing schedule. Appellant Esch, indicating his desire that a judge other than Judge Hanson determine the matter of sanctions, filed a "Notice of Change of Judge." Presiding Judge Moody denied that request.

Esch appeared at the show cause hearing on June 2, 1976, with his own attorney. Stating that he planned to withdraw from the case, Esch continued:

I've made it clear to Mr. Starr, I've made it clear to the court that I'm not going to write the brief in this case. I've not been retained to write the brief. I've indicated right from the beginning that I had no intention of writing the brief. I repeated that in court, to Mr. Starr repeatedly and in affidavits to this court.

The trial court, relying in part on Esch's statement to Judge Moody on January 30 that he was "counsel as of now and if anything happens from now on I realize it'll be on my shoulders," imposed a sanction of $500. When Esch's attorney asked the court to specify precisely what conduct it was sanctioning, the court responded:

THE COURT: His failure to meet— well, I'll say now, two briefing schedules as ordered by the court, one as ordered by Judge Moody previously and the second ordered by me.

MR. EVANS (counsel for Esch): You're summarily handling the second failure today without notice?

THE COURT: Yes. Well, would you like—I can come up with another—I can put another 500 on top of the 500, but I don't—I think the point is made with one 500. It includes both.

The court further specified that the $500 sanction was imposed pursuant to Alaska R.Civ.P. 95(b).[1] However, when Esch's attorney pointed out that the trial court's order to show cause was issued on April 21, 1976, while Rule 95(b) did not go into effect until May 1, 1976, the court stated that the sanction was being imposed pursuant to "the inherent power of the court," as well as Rule 95(b).

The trial court then specified that if Esch did not pay the fine or perfect an appeal by the next day, he would be suspended from practice before the trial courts until he paid the fine.

Esch challenges Judge Hanson's imposition of the sanction on the following grounds:

1. Judge Moody erred in denying his application for change of judge.

2. The trial court lacked the authority under Rule 95(b) or the contempt power to impose sanctions for failure to meet either of the briefing schedules.

3. The trial court erred in failing to make detailed findings of fact and conclusions of law.

4. The trial court did not have the authority to temporarily suspend him from practice.

5. The $500 sanction was excessive under the circumstances.

## 1. CHANGE OF JUDGE

As already noted, after he received Judge Hanson's April 21, 1976, order to show cause, Esch filed a notice of change of judge, pursuant to Alaska R.Civ.P. 42(c).[2]

---

1. Rule 95, Alaska R.Civ.P. provides:

   (a) For any infraction of these rules, the court may withhold or assess costs or attorney's fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties.

   (b) In addition to its authority under (a) of this rule and its power to punish for contempt, a court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

2. Civil Rule 42(c) provides in pertinent part:

   (c) *Change of Judge as a Matter of Right.* In all courts of the state, a judge or master may be peremptorily challenged as follows:

   (1) *Nature of Proceeding.* In an action pending in the Superior or District Courts,

Rule 45(f), Alaska R.App.P., promulgated by this court, provides that in appeals to the superior court:

   The superior court shall set the time limits for filing the necessary briefs and the time for oral argument at the time of a prehearing conference to be ordered by that court.

We consider failure to comply with such a briefing schedule to be a violation of a rule promulgated by this court, sufficient to authorize the imposition of Rule 95(b) sanctions.

**1042** ■■■

We hold that Judge Moody's denial of the request was proper.

■ In cases such as this, where the determination to be made is whether sanctions should be imposed for an infraction of the court's rules, or a lawful order of the court, the automatic change of judge authorized by Rule 42(c) is inapplicable. Application of that rule in such cases would prevent Alaska's trial judges from taking the immediate action that is often necessary to insure the orderly and expeditious handling of those matters coming before them. Instead, we hold that the applicable rule is the one expressed in *Continental Insurance Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398 (Alaska 1976), where we discussed the circumstances justifying a change of judge in contempt matters.

■ In *Continental* we held that a judge should not be disqualified from presiding over contempt proceedings if his actions do not indicate feelings of "personal rancor" toward the alleged contemnor. 548 P.2d at 406. We cited with approval the holding in *Offcut v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954), that "a judge should not sit in judgment upon misconduct of counsel if the contempt charged is entangled with personal feelings of the judge against the lawyer." *Id.* The same considerations should apply to cases involving the imposition of sanctions under the authority of Rule 95(b).

■ The record in this case, although perhaps indicating that he was not particularly pleased by Esch's performance, fails to demonstrate a degree of personal rancor on the part of Judge Hanson sufficient to entitle Esch to a change of judge. Thus, Judge Moody correctly denied his request.

## 2. TRIAL COURT'S AUTHORITY TO IMPOSE SANCTIONS

Judge Hanson stated that the $500 sanction was imposed on Esch both for his failure to meet Judge Moody's briefing schedule, issued on January 30, 1976, and his failure to comply with the extended time for briefing granted in Judge Hanson's April 21, 1976, order. Appellant next contends that the trial court lacked authority under Rule 95(b) or the contempt power to impose sanctions for failure to meet either of the briefing schedules. Appellant analyzes each schedule separately.

### a. *Briefing Schedule No. 1.*

■ Appellant argues that Judge Hanson could not use Rule 95(b) as a basis for imposing sanctions for failure to meet Judge Moody's January, 1976, schedule since the amended rule was not effective until May 1, 1976. Appellant is correct in his contention; Judge Hanson's order to show cause why sanctions should not be imposed for failure to meet the first schedule was issued on April 21, 1976, ten days before the new provision of Rule 95 became effective.

However, Judge Hanson responded to this argument when it was raised at the

each side is entitled as a matter of right to a change of one judge and of one master. Two or more parties aligned on the same side of an action, whether or not consolidated, shall be treated as one side for purposes of the right to a change of judge, but the presiding judge may allow an additional change of judge to a party whose interests in the action are hostile or adverse to the interests of another party on the same side. A party wishing to exercise his right to change of judge shall file a pleading entitled 'Notice of Change of Judge.' The notice may be signed by an attorney, it shall state the name of the judge to be changed, and it shall neither specify grounds nor be accompanied by an affidavit. A judge may honor an informal request for change of judge. When he does so, he shall enter upon the record the date of the request and the name of the party or parties requesting change of judge. Such action shall constitute an exercise of the requesting party's right to change of judge.

(2) *Filing and Service.* The notice of change of judge shall be filed and copies served on the parties, the presiding judge, and the area court administrator, if any, in accordance with Rule 5, Alaska Rules of Civil Procedure.

(3) *Timeliness.* Failure to file a timely notice precludes change of judge as a matter of right. Notice of change of judge is timely if filed before commencement of trial and within five days after notice that the case has been assigned to a specific judge.  .  .  .

June 2, 1976, hearing by stating that he was also relying on the "inherent power" of the court to impose sanctions for violation of its orders.

■ The "inherent power" alluded to by Judge Hanson could only mean the power of the court to impose sanctions for *contempt.* That the superior court has such inherent power was firmly established by our decision in *Continental Insurance Cos. v. Bayless & Roberts, Inc., supra.* However, in the case at bar, Judge Hanson clearly stated that he was not finding Esch in contempt.

> MR. EVANS: Your Honor, are you finding Mr. Esch in contempt?

> THE COURT: No. I'm imposing sanctions under Rule 95 for failure to meet his responsibility as an attorney in this case.

Absent a finding that Esch was in contempt of Judge Moody's order, there was no basis for the exercise of the "inherent power" relied upon by Judge Hanson. Thus, to the extent it represents a sanction for violation of Judge Moody's order, the $500 fine was imposed without lawful authority.

b. *Briefing Schedule No. 2.*

Appellant concedes that sanction provisions of Civil Rule 95(b) were in effect at the time of his failure to meet the time requirements of Judge Hanson's own briefing schedule. However, he contends that Judge Hanson ignored the notice provisions of that rule.

Judge Hanson's April 21 order to show cause also set a new briefing schedule which required Starr's brief to be filed by May 1, 1976. Appellant Esch did not meet the May 1 deadline, and at the June 2 hearing on the failure to comply with Judge Moody's first briefing schedule, Judge Hanson stated that the $500 fine was in part a sanction for failure to meet the second briefing schedule. Rule 95(b), however, requires the court to give the party "reasonable notice and an opportunity to show cause to the contrary, and  .  .  .  [a] hearing by the court, if requested," before sanctions can be imposed. Appellant argues that since he was given no prior notice that sanctions might be imposed for failure to

comply with the second schedule, he was deprived of due process.

■ The sanction imposed for the second failure to file the brief was authorized by Rule 95(b). However, the trial court failed to give specific notice of its intention to impose a sanction for failure to meet the May 1 filing date. While a strong argument can be made that anyone in Esch's position should have anticipated the possibility of such sanctions, we hold that Judge Hanson's failure to observe the notice requirements of Rule 95(b) was error. Those requirements are clearly stated and essential to a proper application of the rule. Although it appears highly unlikely that Esch could have made a sufficient showing to avoid being properly sanctioned, we believe that he was entitled to the opportunity to do so.

Thus, with regard to Esch's alleged violation of Judge Hanson's own briefing schedule, we reverse the order imposing a $500 sanction and remand the case for further hearing on proper notice. If, after such further hearing, it appears that a sanction under Rule 95(b) is warranted, the court may enter such additional orders as it deems appropriate.

### 3.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ Our determination that the sanction in this case must be set aside, upon the grounds already stated, makes it unnecessary for us to reach appellant's third contention that the trial court erred in failing to make findings of fact and conclusions of law. On that issue, we state only that where sanctions are to be imposed, courts should, as a matter of sound practice, make a clear record concerning the reason for imposing the particular sanction and the authority relied upon to do so. Failure to do so may require a reversal and remand for entry of such findings. *See Weaver v. Superior Court,* 572 P.2d 425 (Alaska 1977); Alaska R.Civ.P. 90(a).

### 4.  SUSPENSION FROM PRACTICE

■ In *Weaver v. Superior Court, supra,* we held that the superior court had no

authority to suspend an attorney from practice before the trial courts as a means of enforcing payment of a $100 fine for contempt. That holding is dispositive of the same issue in this case. This court is the only one having that authority. *Id.*

### 5. EXCESSIVENESS OF SANCTION

Appellant's final contention is that the $500 sanction was excessive under the circumstances. Since reversal is required, it is unnecessary for us to decide this issue. However, we do deem it appropriate to make one comment regarding appellant's argument. Ordinarily, the maximum sanction authorized by Rule 95(b) should be reserved for very serious transgressions or persistent violations of the court's rules.

REVERSED and REMANDED for further proceedings consistent with this opinion.