Harry L. DAVIS, Appellant,

v.

SUPERIOR COURT of the State of Alaska, Fourth Judicial District, Appellee.

No. 3399.

Supreme Court of Alaska.

July 7, 1978.

---

Anne Carpeneti, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Lloyd I. Hoppner, Rice, Hoppner & Hedland, Fairbanks, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

BOOCHEVER, Chief Justice.

This appeal concerns the authority of the superior court to impose sanctions against a district attorney for failure to provide a prepared attorney at an omnibus hearing.

The underlying criminal case involved an indictment against John Powell for possession of cocaine, in violation of AS 17.10.010. The indictment was signed on January 5, 1977 by "W. H. Hawley for Harry L. Davis, District Attorney." On January 7, 1977, defense counsel requested production of any tangible objects which the prosecution intended to use at trial. Additionally, on the same date, a letter was sent to the district attorney's office asking for the cocaine tested or any residue, so that it could be retested. The letter requested that the items be

furnished prior to January 24, 1977 in order that counsel could properly prepare for the omnibus hearing then scheduled for February 7, 1977. A motion to suppress the evidence because of failure to furnish the material was filed on January 28, 1977.

Various pleadings were also filed by the state, including a motion for discovery which Richard J. Ray, an assistant district attorney, signed under the printed name of Harry L. Davis. On February 14, 1977, four separate pleadings involving oppositions to various motions to suppress and a motion to dismiss the indictment were signed by Mr. Davis.[1] The omnibus hearing was conducted on February 17, 1977. An assistant district attorney, Natalie Finn, was assigned to represent the state at the hearing. Ms. Finn received this assignment at the end of the day before the hearing.

Ms. Finn was unable to answer the court's question whether there was any cocaine or residue left for testing by the defendant. Because she was unprepared, Judge Hodges continued the hearing and fined District Attorney Harry Davis $50.00 for not providing counsel for the state prepared to proceed in an appropriate fashion.[2]

▆▆▆▆ A hearing on the order was requested by Davis and held on March 14, 1977. Davis argued against the jurisdiction of the court, not the merits of the sanction. The court advised Davis that he was not being held in contempt, but was being sanctioned. In response to Davis' jurisdictional argument, the court referred to its inherent power to discipline people appearing before it.[3]

Since Civil Rule 95(b) expressly provides for a sanction by imposition of a fine not to exceed $500.00 for failure of an attorney to comply with any rules promulgated by the supreme court,[4] it was not necessary to rely on any reservoir of the court's inherent powers if rules were violated by the alleged dereliction.

In our recent opinion *Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978), we discussed a similar invocation of inherent powers, stating:

> The 'inherent power' alluded to by Judge Hanson could only mean the power of the court to impose sanctions for *contempt.* That the superior court has such inherent power was firmly established by our decision in *Continental Insurance Cos. v. Bayless & Roberts, Inc., supra* [*see* Note 3]. However, in the case at bar, Judge Hanson clearly stated that he was not finding Esch in contempt.

Similarly, Judge Hodges indicated that he was not finding Mr. Davis in contempt.

---

1. The pleadings were signed:
 Harry L. Davis
 District Attorney
 By: <u>S/ Harry L. Davis</u>
 Richard J. Ray
 Assistant District Attorney

2. Judge Hodges' order states:
 IT IS HEREBY ORDERED that Harry Davis, District Attorney for the Fourth Judicial District, is hereby fined the sum of $50.00 for failure to provide an attorney who was familiar with the motions in the file and properly prepared at the time of the hearing set in the above-entitled case for 8:30 a. m. on February 17, 1977.
 IT IS FURTHER ORDERED that said fine is to be paid into the registry of the court on or before March 4, 1977.
 IT IS FURTHER ORDERED that if the District Attorney desires a hearing with respect to said fine, a time should be requested from the Calendar Clerk. If such a hearing is requested, the fine does not have to be paid until such time as the hearing is held.

3. Alaska's trial courts may insure proper efficiency and discipline by exercise of (1) the power of contempt authorized by statute and rule, (2) the power to impose fines as sanctions authorized by rule and (3) the inherent power to punish for contempt. *See Continental Insurance Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398, 408–09 (Alaska 1976). Willfulness must be shown as an element of contempt but is not required for imposition of sanctions under Rule 95(b).

4. Civil Rule 95(b) provides:
 In addition to its authority under (a) of this rule and its power to punish for contempt, a court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

The court's authority to impose a fine must therefore be derived from Rule 95(b), which authorizes such a sanction for violation of any rules promulgated by the supreme court.

■ The failure of an attorney to be prepared at an omnibus hearing may involve violation of several court rules. Professional canons, including disciplinary rules applicable to attorneys, were promulgated by Supreme Court Order 128 effective May 6, 1971. They include Disciplinary Rules 6–101(A)(2) and (3):

(A) A lawyer shall not:

. . . . .

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him.

Bar Rule 9 (Part II, Rules of Disciplinary Enforcement) provides:

*Jurisdiction.*

Any attorney admitted to practice law in this State or any attorney allowed to appear and participate by a court of this State for a particular proceeding is subject to the supervision of the Supreme Court of Alaska (hereinafter called "the Court") and the Disciplinary Board hereinafter established.

These rules shall not be construed to deny to any other court such powers as are necessary for that court to maintain control and supervision over proceedings conducted before it, such as the power of contempt.

In *Weaver v. Superior Court,* 572 P.2d 425, 432 (Alaska 1977), we concluded that a trial court did not possess authority to suspend an attorney from practice, stating:

The contempt power is an adequate means by which the superior court may maintain the orderly and efficient operation of the courtroom.

We now add that the trial court also has the power to impose fines under Rule 95(b) for violation of disciplinary rules when necessary for the orderly and efficient operation of the courtroom.[5]

In the case at bar, there may have been a violation of Criminal Rules 16(b)(1)(v) and 16(b)(5).[6] The former provision requires the prosecution to make available for inspection and copying any tangible objects which the prosecuting attorney intends to use at the trial. The latter specifies that whenever the defense counsel requests production of material which is discoverable if in the possession of the prosecuting attorney, the prosecuting attorney shall use diligent good faith efforts to make such material available to defense counsel.

■ Thus, counsel's contention at the hearing that the court was without jurisdiction to impose sanctions lacks merit. On appeal, it is argued, however, that the notice furnished by Judge Hodges' order was defective in not stating the rule under

---

**5.** The Preliminary Statement to the Professional Canons declares that:

The Disciplinary Rules, unlike the Ethical Considerations, are mandatory in character. The Disciplinary Rules state the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action.

**6.** Criminal Rule 16(b)(1)(v) provides:

(b) *Disclosure to the Accused.*

(1) *Information Within Possession or Control of Prosecuting Attorney.* Except as is otherwise provided as to matters not subject to disclosure and protective orders, the prosecuting attorney shall disclose the following information within his possession or control to defense counsel and make available for inspection and copying:

(v) Any books, papers, documents, photographs or tangible objects, which the prosecuting attorney intends to use in the hearing or trial which were obtained from or belong to the accused;

Criminal Rule 16(b)(5) provides:

*Availability of Information to Defense Counsel.* Whenever defense counsel designates and requests production of material or information which would be discoverable if in the possession or control of the prosecuting attorney, the prosecuting attorney shall use diligent good faith efforts to make such material available to defense counsel. If the prosecuting attorney is unsuccessful and such material is subject to the jurisdiction of the court, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel.

which the fine was imposed or the rules allegedly violated by Mr. Davis.

Rule 95(b) authorizes imposition of a fine "after reasonable notice and an opportunity to show cause to the contrary . . . ." Here, the notice stated that the fine was imposed due to Mr. Davis' "failure to provide an attorney who was familiar with the motions in the file and properly prepared at the time of hearing."

The notice does set forth the reasons for imposition of the fine although the particular rule under which the court's authority was invoked and the rules alleged to have been violated were not specified. We know of no requirement that such rules must be designated in the notice. All that is required is that the notice be sufficient to acquaint counsel with the nature of the alleged infraction.[7] The notice was adequate for that purpose.

Nevertheless, at the hearing, the court indicated that it was acting on its inherent powers rather than under the authority of Rule 95(b). Had Mr. Davis been advised of the proper basis for the court's action, he might have elected to present suitable excuse for the failure to be prepared.

In that regard, a distinction must be made between a district attorney's role as administrator of the prosecuting attorney's office and as an attorney responsible for handling a case. Based on the pleadings filed in this case, there was ample basis for a finding that Mr. Davis was responsible for handling the *Powell* case without regard to his overall administrative functions. He may, however, have been justified in believing that some other attorney in his office was managing the discovery aspects of the case. In view of the somewhat confused posture of the matter at the time of hearing, we believe that he should be given the opportunity of presenting any excuse that he may have for the failure in preparation. While we shall remand the matter for a further hearing on this issue, we desire to make it clear that the trial court is not required to tolerate any "shell game" whereby each attorney involved in a case indicates that another is responsible. We do not imply a deliberate effort to take advantage of such a ploy, but to avoid such a possibility, the trial court should issue a new notice of hearing, and in it may require the attendance at the hearing of attorneys who may be responsible.

 We believe that some further comment is required with reference to the administrative duties of a person, such as the district attorney, who is in charge of a multi-attorney office. We do not believe that by virtue of his office, such a person may individually be held responsible for all derelictions of those serving under him. If, however, a court finds that violations of rules are occurring due to mismanagement of assignments, we believe it to be preferable for the judge initially to advise the managing attorney of the problem. If such problem is not alleviated, we see no reason why the court should not then be able to proceed by issuing appropriate orders and compelling compliance under either its contempt powers or, in case of violation of rules of court, by means of sanctions imposed under Rule 95(b).

REMANDED.

MATTHEWS, J., not participating.

---

7. In *Esch, supra*, 577 P.2d at 1043, we found that a failure to give any notice of an intention to impose a sanction for failure to meet a particular filing date was error. We did not, however, require that such notice name the rule violated or that it state that the court was proceeding under Rule 95(b).