Harold W. TOBEY, Appellant,

v.

**SUPERIOR COURT, THIRD JUDICIAL
DISTRICT AT ANCHORAGE,
Appellee.**

**No. S–20.**

Supreme Court of Alaska.

May 31, 1983.

Kathryn Coleman, Anchorage, for appellant.

Carolyn E. Jones, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

This case arose from the imposition of monetary sanctions on attorney Harold Tobey by Judge Ralph E. Moody for Mr. Tobey's failure to comply with the terms of a Trial Setting Conference Order (Pretrial Order). The issues presented are whether the trial court had the authority to impose sanctions on Mr. Tobey, and whether the court complied with the procedural requirements of Alaska Rule of Civil Procedure 95(b).

## FACTS AND PROCEEDINGS

On May 31, 1983, Judge Ralph E. Moody called the divorce action of *Penny v. Penny*, No. 3AN–82–6757. Timothy Stearns represented the plaintiff, Margaret Penny. Harold Tobey, the appellant, represented the defendant, Joe Penny.

A Trial Setting Conference Order had been issued on March 16, 1983. The order required, in part, that discovery be completed by May 2, 1983; that counsel see that their clients contacted the office of the Custody Investigator/Counselor within five days so that a custody investigation and report could be made; and that if there was a controversy as to the value of any property, an appraisal be done with the cost borne equally by the parties unless otherwise ordered by the court.

At trial it immediately became apparent that although the parties differed as to the value of several pieces of property and a jointly owned business, only one property had been appraised. The parties also had not met with a child custody investigator, although they disagreed about whether there should be joint custody of their children.

The court advised counsel for both parties that they were not ready to go to trial because of their failure to comply with the court's Trial Setting Conference Order. Judge Moody then informed counsel that they would be required to pay $200 a day until they were ready for trial; which they could do either by agreeing on the disputed issues of custody and value of property, or by submitting the report of the child custody investigator and the appraisals of the disputed properties.

The court then recessed for fifteen minutes to allow counsel to decide what they would do. After the recess, counsel proposed that the disputed property be sold and the proceeds divided between the parties in some ratio determined by the court. The court, however, declined to divide the proceeds without knowing the value of the properties involved. The parties still disagreed on the custody of the children.

The court then imposed a sanction of $200 per attorney per day until it received the appraisals and the report of the child custody advisor. Counsel were directed not to charge their clients for the sanctions since "the attorneys are completely to blame for this not being accomplished." Each counsel was directed to indicate his readiness for trial on each following day or to explain why he had not been able to comply with the court's order. Mr. Tobey made an exception to the court's order.

On the following day, June first, both counsel informed the court that their clients had met with the child custody investigator and that the investigator was available as a witness. The parties also had stipulated to the value of the real property. Mr. Tobey, however, had no appraisal to offer of the family business which mostly consisted of plumbing supplies in his client's possession. The court

ordered Mr. Tobey to produce a written inventory of the plumbing supplies and stated that when it was served on the other party the sanctions would stop. Mr. Tobey eventually paid $1,200 to the court as a sanction for six separate days that he was unable to comply with the court's order, and filed a timely Notice of Appeal.

## I. AUTHORITY TO IMPOSE SANCTIONS

■■■ The trial court did not specify the source of its power to impose monetary sanctions upon Mr. Tobey, but there are only three possibilities.[1] Alaska's trial courts may insure proper efficiency and discipline by exercise of (1) the power of contempt authorized by statute and court rule, (2) the power to impose fines as sanctions authorized by court rule, or (3) the inherent power to punish for contempt. *Davis v. Superior Court*, 580 P.2d 1176, 1178 n. 3 (Alaska 1978).

Judge Moody imposed the sanctions because the attorneys were not ready for trial in that they had not had their clients meet with the child custody investigator as required by the pretrial order, and they had not had property appraised as required by the pretrial order.

> THE COURT: ... Now, I gather that you haven't had an appraisal made and is that the question, you haven't had custody investigators down on these children —that's the issue, and the value of the property is in issue ... In fact, you haven't agreed—indicates that neither one of you has complied with (indiscernible) [presumably the pretrial order].
>
> THE COURT: ... [A]pparently neither party is ready for trial in this case. It's (indiscernible) going to be $200.00 a day and I'm going to give you 15 minutes and I'm going to let you decide whether you want to pay $200.00 a day until you get

this ready for trial; that is you get appraisal of the property involved and you get the child custody investigator, and that's your problem as to how quick you can get it done, or if not it'll be $200.00 a day each side.

> THE COURT: Neither of you have complied with the pretrial order.
>
> THE COURT: ... I'm going to impose a sanction of $200.00 and it has to be paid each day by 4:30 until I get an appraisal and I get the report from the child custody advisor, and I'm not going to put up with this. And this has to be paid by the attorneys. You cannot charge your clients for it.

■ Tobey has vigorously argued that his noncompliance with the pretrial order should not be considered contemptuous because it was not willful but based instead on misunderstandings with opposing counsel and poor judgment. *See Johansen v. State*, 491 P.2d 759 (Alaska 1971). This court has previously held that a trial court may impose sanctions for indirect contempt of court on attorneys who fail to comply with pretrial orders, or are otherwise not ready to go to trial. *West v. District Court, Third Judicial District*, 575 P.2d 797 (Alaska 1978); *Continental Insurance Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398 (Alaska 1976).[2] However, this case does not raise that issue because at no time was Mr. Tobey cited for contempt of court. The word "contempt" does not appear once in the transcripts of the proceedings. Furthermore, after imposing the sanctions and strongly admonishing the attorneys, Judge Moody implicitly threatened to find the attorneys in contempt if they continued to fail to comply with his orders.

■■ The superior court's authority to find Mr. Tobey for his unpreparedness derives from Alaska Rule of Civil Procedure

---

1. Failure to make a clear record of the authority the court relied upon in imposing sanctions, as well as the reasons for such sanctions, may require reversal in a particular case. *Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978).

2. When these cases were decided the only ground for which a judge could sanction an attorney was for being in contempt of court. Since Rule 95(b) became effective May 1, 1976, courts have generally characterized attorney unpreparedness as a violation of court rules punishable under its provisions.

95(b). *See Davis v. Superior Court,* 580 P.2d 1176 (Alaska 1978). Rule 95(b) provides:

> In addition to its authority under (a) of this rule and its power to punish for contempt, a court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing by the court, if requested, impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

Sanctions imposed under Rule 95(b) differ from those imposed for contempt in that a showing of willfulness is not required. *Davis,* 580 P.2d at 1178 n. 3.

■ In *Davis,* the superior court fined the district attorney $50.00 for not providing a prepared attorney at an omnibus hearing. We held that the failure of an attorney to be prepared at an omnibus hearing violated several court rules punishable under Rule 95(b). These included Disciplinary Rules 6–101(A)(2) and (3):

> (A) A lawyer shall not:
>
> . . . .
>
> (2) Handle a legal matter without preparation adequate in the circumstances.
>
> (3) Neglect a legal matter entrusted to him.

*Id.* at 1179. Furthermore, Alaska Bar Rule 11 specifies that acts or omissions by an attorney which violate the Code of Professional Responsibility of the American Bar Association shall constitute misconduct and grounds for discipline under Rule 95(b). *Elisovsky v. State,* 592 P.2d 1221, 1228 (Alaska 1979). Tobey's unpreparedness on the date of trial may also be considered a violation of Alaska Rule of Civil Procedure 40(f)(1) which provides that "[a]ll cases set for trial shall be heard on the date set unless the same are continued by order of the court for cause shown."

In *Esch v. Superior Court of Third Judicial District,* 577 P.2d 1039 (Alaska 1978), the trial court fined an attorney $500.00 for failing to file briefs in accordance with certain briefing schedules established by the court. Although we reversed on procedural grounds, we stated that the sanction was authorized by Rule 95(b). *Id.* at 1043.

Mr. Tobey argues that he was ready to go to trial and that he opposed a continuance. After being threatened with sanctions, counsel agreed to sell all disputed property and divide the proceeds in a ratio determined by the court. Judge Moody rejected this approach because it required him to divide the property without knowing its value. He termed this proposal an attempt to "get out from under the sanctions of the court."

In reversing a trial court that had discharged the defendant's attorney for being unprepared at trial, this court stated in *McKinnon v. State,* 526 P.2d 18 (Alaska 1974) that:

> We are not unsympathetic to the trial judge's exasperation at alleged repeated failures of a public agency [the Public Defender's Office] to be timely prepared for trial. The state's crucial interest in the prompt and orderly disposition of criminal cases, however, can be vindicated by other, equally effective sanctions which are not so subversive of basic constitutional rights. The court may censure the obstructive attorney, or request the bar association to take disciplinary action. Or the court may assess a fine or impose a term of imprisonment under its contempt power.

*Id.* at 23 (footnote omitted). Since *McKinnon* was decided the court has created another sanction to add to those listed above—Rule 95(b).

■ Mr. Tobey's actions fall within the scope of those acts punishable under Rule 95(b). Like the attorney in *Esch,* he failed to timely file certain documents required by order of the court. Like the attorney in *Davis,* he was not ready to go to trial on the day the case was scheduled. We hold that the trial court had the authority to fine Mr. Tobey under Rule 95(b) for his failure to comply with the terms of the pretrial order.

## II. PROCEDURES REQUIRED BY ALASKA CIVIL RULE OF PROCEDURE 95(b)

Rule 95(b) explicitly requires that an attorney be given "reasonable notice and an opportunity to show cause to the contrary and [a] hearing by the court if requested" prior to the imposition of sanctions. This is in contrast to cases where the offending conduct constituted a direct contempt committed in the presence of the court.[3] *Weaver v. Superior Court, Third Judicial District*, 572 P.2d 425, 429 (Alaska 1977).

In *Elisovsky v. State*, 592 P.2d 1221 (Alaska 1979), defense counsel was fined $100.00 pursuant to Rule 95(b) for failing to immediately inform the trial court of several jurors' alleged improper conduct and for securing affidavits for a new trial motion without applying to the court for assistance and supervision. We reversed the order imposing the fine and remanded the case for further hearing after counsel had received proper notice that his conduct might be grounds for imposing disciplinary sanctions. *Id.* at 1228.

In *Esch v. Superior Court of Third Judicial District*, 577 P.2d 1039 (Alaska 1978), the trial court fined an attorney $500.00 for failing to file briefs in accordance with certain briefing schedules established by the court. After stating that the sanction was authorized by Rule 95(b), we reversed the order of the court imposing the fine because the trial court failed to give specific notice of its intention to impose a sanction for the attorney's failure to meet the specified briefing deadlines.

While a strong argument can be made that anyone in Esch's position should have anticipated the possibility of such sanctions, we hold that Judge Hanson's failure to observe the notice requirements of Rule 95(b) was error. Those requirements are clearly stated and essential to a proper application of the rule. Although it appears highly unlikely that Esch could have made a sufficient showing to avoid being properly sanctioned, we believe that he was entitled to the opportunity to do so.

*Id.* at 1043. We remanded the case for further hearing on proper notice, stating, "If, after such further hearing, it appears that a sanction under Rule 95(b) is warranted, the court may enter such additional orders as it deems appropriate." *Id.* Having reversed upon that ground, we dealt with appellant's contention that the trial court erred by failing to make findings of fact and conclusions of law by stating that "where sanctions are to be imposed, courts should, as a matter of sound practice, make a clear record concerning the reasons for imposing the particular sanction and the authority relied upon to do so," and "[f]ailure to do so may require a reversal and remand for entry of such findings." *Id.*

In the present case the sanctions were summarily imposed:

THE COURT: Right now apparently neither party is ready for trial in this case. It's (indiscernible) going to be $200.00 a day and I'm going to give you 15 minutes and I'm going to let you decide whether you want to pay $200.00 a day until you get this ready for trial....

After the fifteen minute recess, when the parties still had failed to settle the disputed issues or otherwise comply with the pretrial order, the court imposed the sanction of $200.00 a day to run until it received the report of the child custody investigator and the appraisal of the property which value was in dispute.

Appellee argues that Mr. Tobey had fifteen minutes to respond to the court's threat to impose sanctions and that fifteen minutes notice was reasonable under the facts in this case. Appellee relies on *In re Allis*, 531 F.2d 1391 (9th Cir.1976), in which the U.S. Court of Appeals upheld a fine of $100.00 imposed on an attorney who was twenty minutes late for a hearing sched-

---

**3.** Alaska Civil Rule 90(a) provides:

A contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

uled at 1:15 p.m. at his request. The attorney, who had previously been "admonished in the most strict terms that scrupulous promptness was a lawyer's obligation," admitted that he had forgotten that the hearing was scheduled. The fine was imposed after the attorney had been told that "you now stand in imminent likelihood of being found in contempt of this court" and had been given a ten minute recess to confer with counsel and prepare his defense. *Id.* at 1394. The court of appeals found that notice reasonable because the facts were clear, undisputed, and "sufficient to warrant a finding of reckless disregard of his responsibilities as an attorney and to justify the adjudication for contempt." [4] *Id.* at 1393.

The facts in this case differ from those in *Allis* in that while Mr. Tobey was given a fifteen minute recess to "get ... ready for trial" and "to decide what you want to do," that time was not to prepare a defense against his sanctions but to try to reach a settlement on the disputed issues in his case. Further, the facts which Mr. Tobey relies on to justify his non-compliance are considerably more involved than the attorney's excuse in *Allis*.

 Although an attorney should be aware that failure to comply with orders of a court can result in sanctions being imposed, we hold that the language of Rule 95(b) requires a judge to explicitly notify an attorney when sanctions are being considered and to afford him a reasonable time in which to show cause why the sanctions are not warranted.[5] Mr. Tobey may not be able to successfully argue against the imposition of sanctions, but Rule 95(b) requires that he be given the chance after proper notice.

The order of the court imposing sanctions on Mr. Tobey is VACATED and the case is REMANDED to the superior court for further proceedings in compliance with Rule 95(b).

BURKE, C.J., not participating.

---

4. *Allis* was sanctioned under Federal Rule of Criminal Procedure 42(b) which provides:

A criminal contempt except as provided in subsection (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

5. It is regrettable that Mr. Tobey did not request notice and an opportunity to show cause. However, his failure to do so does not amount to a waiver of his right to insist on these rights because, as the rule is written, these rights must be afforded by the trial court in all cases before sanctions are imposed under the rule.