Clem H. STEPHENSON, Appellant,

v.

SUPERIOR COURT of the State of Alaska, FOURTH JUDICIAL DISTRICT, Appellee.

No. S–147.

Supreme Court of Alaska.

March 29, 1985.

Clem H. Stephenson, Fairbanks, in pro. per.

Lawrence C. Kenworthy, Fairbanks, guardian ad litem.

D. Rebecca Snow, Asst. Atty. Gen., Fairbanks, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This is an appeal from an order imposing sanctions upon an attorney. We affirm.

Clem H. Stephenson, appellant, represented M.D. in two related matters: a child custody dispute and a criminal case. In the custody dispute, Stephenson failed to appear for a pretrial conference on August

23, 1983.[1] He also advised his client to send a letter to a psychiatrist, Dr. Rothrock, forbidding him to release information that had been ordered released by the superior court.[2]

Following these events, the superior court issued an order requiring Stephenson to appear and show cause why he should not "be held in contempt and/or sanctioned," for his failure to appear at the August 23 pretrial conference, and for "violating" its order pertaining to the information possessed by Dr. Rothrock.[3]

The order to show cause directed Stephenson to appear before the court at 9:00 a.m. on September 6, 1983. The order, however, was returned unserved. Stephenson, nevertheless, did appear on September 6. According to his brief, the court called Stephenson's office shortly after 9:00 a.m., informing him that he should be in the courtroom at 9:30 a.m. He was present when the court convened. At that time, Stephenson received a copy of the order to show cause.[4]

After hearing Stephenson's explanation of his behavior, the court found him guilty of conduct worthy of sanction, stating:

This court finds that there are two separate violations of the rules and orders of this court. Mr. Stephenson failed

to appear at the pretrial conference in this matter .... In addition, Mr. Stephenson, by dictating the letter to Dr. Rothrock and instructing his client to give it to Dr. Rothrock, with knowledge of this court's order, directed his client to violate that order.

Citing Alaska Civil Rule 95, the court fined Stephenson $500 for his failure to appear at the August 23 pretrial conference. For his actions relating to the letter sent to Dr. Rothrock, the court fined Stephenson an additional $500, without citation of authority.[5] This appeal followed.

 The issue here is whether the court's handling of this matter satisfied the requirement that one be given "reasonable notice and an opportunity to show cause to the contrary, and ... [a] hearing by the court, if requested." Rule 95(b), Alaska R.Civ.P. Partly, this means that the notice given must be "sufficient to acquaint counsel with the nature of the alleged infraction." *Davis v. Superior Court*, 580 P.2d 1176, 1180 (Alaska 1978). It means also that counsel must be given some opportunity to explain his conduct, before he can be sanctioned. *Tobey v. Superior Court*, 680 P.2d 782, 786–87 (Alaska 1984); *Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978).[6]

---

**1.** Stephenson also failed to appear for the trial of the case, on August 29, 1983. Trial was held on that date, however, after the court allowed a substitution of counsel.

**2.** The contents of the letter were dictated to M.D. by Stephenson.

**3.** The *order to show cause* also called for an explanation of Stephenson's failure to appear for the trial of the custody case, *see* note 1 *supra*, but that failure, although mentioned in the court's order imposing sanctions, was not one for which any sanction was actually imposed.

**4.** Although the record is somewhat ambiguous on this point, we can reach no other conclusion but that Stephenson was first served with the order to show cause when he appeared before the court, on September 6.

**5.** This part of the court's order stated simply: "IT IS FURTHER ORDERED that Mr. Stephen-

son shall be sanctioned in the amount of $500 for directing his client to violate this court's explicit order regarding the release of information." Given the court's earlier reference to Civil Rule 95, we assume that it relied upon the same rule in imposing the second sanction.

**6.** In *Tobey*, the court sanctioned counsel summarily, giving him *no* opportunity to justify his conduct. We reversed, noting that a fifteen minute recess given to counsel "was not to [allow him] to prepare a defense against his sanctions but to try to reach a settlement on the disputed issues in his case." 680 P.2d at 787. In *Esch*, we reversed a sanction imposed for failure to meet a briefing deadline. The sanction was for a deadline violation *different* than the violation specified in the court's order to show cause, although the order to show cause did set another deadline. We reversed, because counsel was given no prior notice or opportunity to be heard on the particular deadline violation for which the sanction was imposed. 577 P.2d at 1043.

Here, although terse, the court's order to show cause was certainly sufficient to inform Stephenson of the nature of his "alleged infraction[s]," 580 P.2d at 1180, and of the court's intention to impose sanctions unless shown that there was cause not to do so.[7] Also, before the sanctions were imposed, the court listened to Stephenson's explanations, so he was not denied an opportunity to be heard. *See supra* note 6. The only question is whether the notice was adequate, given the fact that Stephenson had to defend his actions immediately after his receipt of the order to show cause.

In this context, adequate notice means reasonable notice: notice given far enough in advance to enable one to marshal an intelligent response. Where the question requires little explanation, a few minutes may be sufficient. *In re Allis*, 531 F.2d 1391 (9th Cir.1976). Where the explanation requires "considerably more ... than the attorney's excuse," more time may be required. *Tobey v. Superior Court*, 680 P.2d at 787.

It is undisputed that Stephenson was aware of the August 23 pretrial conference, and that he failed to attend. Likewise, it is undisputed that he instructed his client to send the letter to Dr. Rothrock, and dictated its contents. The only issue in controversy was whether he had an acceptable excuse for his conduct in these instances.

Stephenson's excuse for his failure to attend the pretrial conference was the fact that he was involved in the trial of a federal case in Tulsa, Oklahoma, which lasted longer than had been expected. He explained this to the court at the time of the hearing on the order to show cause, as well as his efforts to notify the court and his client of this conflict and his inability to attend the conference, and to withdraw from the case. His excuse was deemed inadequate.[8]

His excuse concerning the letter was that he was not aware of the court's order requiring release of the information possessed by Dr. Rothrock, that he had not seen the doctor's report, and that he needed to see the report before agreeing to the release of any privileged communication between his client and the doctor. Again, these reasons were explained to the court at the time of the hearing on the order to show cause, and were deemed inadequate to excuse Stephenson's conduct.[9]

Stephenson made no request for a continuance of the order to show cause hearing. Nor did he ask for the opportunity to cross-examine the witness, his client, who testified at an earlier hearing concerning the advice that Stephenson had given resulting in the letter to Dr. Rothrock. These issues were first raised in Stephenson's motion for a new hearing.

Despite his argument that the notice given him was inadequate, Stephenson fails to inform us why this is so. In this appeal, argued more than a year later, the excuses given are exactly the same as

---

7. The order to show cause was ambiguous in stating that Stephenson might "be held in contempt and/or sanctioned," and in its failure to specify the particular rules of court that he had allegedly violated. These "defects," however, did not render the notice inadequate, *Davis v. Superior Court*, 580 P.2d at 1180, although the applicable rules should have been cited "as a matter of sound practice," *Esch v. Superior Court*, 577 P.2d at 1043.

8. It is clear that Stephenson made no serious effort to withdraw from the case or to advise the court of his predicament in a timely fashion. The superior court concluded that he had no

legitimate excuse for his conduct, and the record amply supports that conclusion.

9. Stephenson was present, in open court, when the court announced its intention to issue its order compelling production of the information possessed by Dr. Rothrock, *unless objections were received by a certain date*. Thus, Stephenson had an opportunity to object to the court's order, was aware of the deadline for those objections, but did nothing. The court's conclusion that Stephenson advised his client to disregard the order without justification is supported by substantial evidence.

those given to the superior court on September 6, 1983: nothing new has been added by way of explanation or justification. Nor does Stephenson suggest that the witness that he now wants to cross-examine testified falsely. In short, there is simply no reason to believe that additional time would have allowed Stephenson to present a better defense. Thus, we hold the notice was adequate. We have examined Stephenson's other arguments and conclude that they are all without merit.

The order imposing sanctions is, therefore, AFFIRMED.