Ronald BURKS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–590.

Court of Appeals of Alaska.

Sept. 27, 1985.

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Julie A. Carey, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Ronald J. Burks pled *nolo contendere* and was convicted of robbery in the first degree, a class A felony. AS 11.41.-500(a)(1). Burks was given the presumptive sentence of seven years applicable to first offenders convicted of class A felonies who use, *inter alia,* a firearm in the perpetration of their crime. AS 12.55.125(c)(2). Pursuant to *Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), and *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), Burks appeals the denial of his motion to suppress his confession and the imposition of a seven-year presumptive sentence. We remand for further proceedings.

Burks and a codefendant, Mitchell Carlo, robbed a Denali Bag Boy convenience store in Fairbanks on December 29, 1983. Burks held the gun, which had two bullets in the chamber, and got the money while Carlo stood by the door. Based on physical de-

scriptions of the robbers and the car in which they were riding, provided by an eye witness to the robbery, Fairbanks police officer Clifford Ring stopped Burks on January 7, 1984. Officer Ring informed Burks that he had matched the description of an armed robbery suspect and asked Burks to come to the police department to talk to Detective Keller. Burks was not arrested and was not handcuffed. Burks was advised of his rights from a standard *Miranda* card. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Burks subsequently confessed, admitting his involvement in the robbery.

Burks made a pretrial motion to suppress his confession and an evidentiary hearing was held. At the hearing, Burks and the police each related a different version of what had occurred during the interrogation which led to Burks' confession. Burks testified that he had told Detective Keller that he did not want to talk about the robbery, and that, despite his invocation of his right to remain silent, the police continued questioning him. Burks also stated that, since the police ignored his stated desire not to speak with them, he believed that his rights were illusory. *See Michigan v. Mosley*, 423 U.S. 96, 104, 96 S.Ct. 321, 326–27, 46 L.Ed.2d 313, 321–22 (1975); *Mallott v. State*, 608 P.2d 737, 741–42 (Alaska 1980). In contrast, Officer Ring and Detective Keller testified that during the entire conversation, Burks never asserted his right to remain silent. The trial court summarily denied Burks' motion to suppress the confession.

On appeal, Burks argues that the trial court improperly denied his motion to suppress because resolution of the motion turned on the factual question of whether Burks invoked his right to remain silent, that the evidence on that issue was in conflict, and the trial court failed to make findings of fact as required by Alaska Rule of Criminal Procedure 12(d). Criminal Rule 12(d) provides:

> (d) *Ruling on Motion.* A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination of the trial of the general issue. Where factual issues are involved in determining a motion to suppress evidence, the court shall state its essential findings on the record.

The state concedes that Judge Taylor erred in failing to make his essential findings on the record but argues that the error was harmless. The state reasons that Judge Taylor was faced with a straightforward credibility issue and that implicit in Judge Taylor's denial of the motion to suppress was a resolution of the credibility issue in favor of the state. The state concludes, therefore, that nothing would be gained from remanding the case for factual findings. We disagree. *See Johnson v. State*, 631 P.2d 508 (Alaska App.1981).

While Judge Taylor indeed may have resolved the credibility issue in favor of the state, there are other possible explanations for the denial of Burks' motion to suppress. The same result could have been obtained from an improper allocation of the burden of proof or an error on the law applicable to the facts. Criminal Rule 12(d) was amended to require the trial court to state "essential findings on the record" to avoid uncertainty regarding the basis for the trial court's conclusions—the very problem created by the ruling in this case. *See* C. Wright, *Federal Practice and Procedure: Criminal* § 194, at 708–09, 709 n. 1, 716, 717 n. 22 (2d ed. 1982). Particularly in cases such as this one, where there is a direct conflict in testimony, it is crucial that the trial court summarize the evidence, identify factual conflicts and resolve them on the record. Statement of "essential findings on the record" enables the appellate court to pinpoint legal errors by differentiating between findings of fact and conclusions of law. Because the trial court denied Burks' motion to suppress without explanation, we vacate the judgment and remand this case to the trial court for further findings of fact.

Although we are vacating judgment and remanding the case to the trial court, we nevertheless think it appropriate to address

the sentencing issue raised by Burks on appeal.[1] Burks was convicted of robbery in the first degree, a class A felony. AS 11.41.500(a)(1). He was sentenced to the seven-year presumptive term applicable to one convicted of his first felony and possessing a firearm during the commission of the felony. AS 12.55.125(c)(2).

Burks argues that sentencing him to the seven-year presumptive term under AS 12.-55.125(c)(2) violates Alaska's constitutional protection against double jeopardy as well as the legislative intent underlying the statutory sentencing provisions. Burks' theory is that his term was doubly enhanced. The term was "enhanced" from the class B felony of second-degree robbery with no presumptive prison term to the class A felony of first-degree robbery with a five-year presumptive term because Burks used a firearm in the commission of the robbery. *Compare* AS 11.41.510(a) *with* AS 11.41.-500(a)(1). The prison term was further enhanced from the presumptive five-year term under AS 12.55.125(c)(1) to the presumptive seven-year term under AS 12.55.-125(c)(2). The second enhancement, like the first, was based on the use of a firearm in the commission of the crime. Burks contends that the double "enhancement" violates the intent of the legislature, as expressed in AS 12.55.155, the statutory provision setting forth the guidelines for assessing factors in aggravation or mitigation of sentences. AS 12.55.155(e) provides in part:

> (e) If a factor in aggravation is a necessary element of the present offense, ... that factor may not be used to aggravate the presumptive term.

This provision is not directly applicable to Burks' case since aggravating and mitigating factors were not found. Burks believes, however, that the principle behind this limitation on aggravating factors should be applied by analogy to his case. He submits that a policy of avoiding enhancement of a presumptive term when an element necessary to the committed offense is the same as the element that causes enhancement is evident from the legislature's decision to exempt manslaughter, which he argues can only be committed with the use of a dangerous instrument,[2] from the enhanced presumptive term found in AS 12.55.125(c)(2). Burks concludes that the policy should preclude imposition of the presumptive term in the present case where the robbery was accomplished with a firearm.

■■■ The state argues that this court has already rejected similar arguments in analogous cases. It points to our decisions in *Bell v. State*, 658 P.2d 787 (Alaska App. 1983), and *Fry v. State*, 655 P.2d 789 (Alaska App.1983). In those cases, we refused to read AS 12.55.155(e) as indicating a legislative intent to preclude enhancement of sentences under AS 12.55.125 when the conduct relied upon to subject a defendant to an enhanced presumptive term was itself an element of the underlying offense. The state also argues that Burks' authorities all involved distinguishable statutes. We are persuaded by the state's arguments. In our view, the enhanced presumptive terms operate independently of the elements of the underlying offenses. It seems clear that the legislature intended that anyone convicted of a class A felony, who uses or possesses a firearm in connection with that felony, should receive the enhanced presumptive term, whether or not use of a dangerous instrument is an element of the class A felony under consideration. In our view, the legislature clearly intended that anyone who used a dangerous instrument—any kind of weapon—should be lia-

---

1. If the trial court suppresses Burks' confession on remand, he will be entitled to a new trial. A new trial would moot this issue. The same sentencing issue has arisen in a number of cases, however, persuading us to address it at this time rather than defer its consideration until the trial court resolves the confession issue.

2. Burks appears to reason that it is impossible to cause death without using something capable of causing death. *See Wettanen v. State*, 656 P.2d 1213, 1218 (Alaska App.1983) (holding that feet, whether or not shod, may constitute dangerous instrument statutorily defined as "anything which ... is capable of causing death or serious physical injury," AS 11.81.900(b)(11)).

ble for the aggravated offense of robbery in the first degree. Beyond that, it intended that offenders who used firearms—a particularly dangerous subcategory of dangerous instrument—should further be subject to an enhanced presumptive term. Thus, Burks was charged with first-degree robbery because he used a dangerous instrument; he was subject to a presumptive term because the dangerous weapon he selected was a firearm. We, therefore, reject Burks' arguments.

The judgment of the superior court is VACATED and this case is REMANDED to enable the trial court to make specific findings of fact and conclusions of law with regard to Burks' motion to suppress his confession.[3]

---

3. We will retain jurisdiction. Upon notification that Burks has been granted a new trial, we will dismiss this appeal, subject to the state's power to petition for review. Should Judge Taylor make findings which result in denial of the motion to suppress, Burks may resume his appeal by filing a supplemental brief to which the state may reply.