Bradford **WILSON**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–608.

Court of Appeals of Alaska.

Dec. 27, 1985.

---

Craig M. Cornish, Colorado Springs, Colo., and Robert Wagstaff, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Bradford Wilson was convicted and sentenced for kidnapping and sexual assault in the first degree. His conviction and sentence were affirmed in *Wilson v. State,* 670 P.2d 1149 (Alaska App.1983). While his appeal was pending, Wilson filed an application for post-conviction relief seeking a new trial on the basis of ineffective assistance of counsel. Alaska R.Crim.P. 35(c). Specifically, Wilson argued that trial counsel was ineffective because he (1) failed to display the competence of a lawyer with ordinary skill and training in the field of criminal law, and (2) had an actual conflict of interest in breach of his ethical duty of loyalty. Judge Hodges held an evidentiary hearing and at its completion concluded that trial counsel had, in fact, failed to display the competence of a lawyer with ordinary skill and training in the field of criminal law in the Fairbanks area. He nevertheless ruled against Wilson, finding that he "[could] not conclude that the result would have been different at trial had [Wilson's trial counsel] represented [Wilson] at an acceptable standard." Wilson appeals, contending that counsel's ineffec-

tiveness prejudiced him as a matter of law. Alternatively, Wilson argues the trial court applied the wrong standard in determining whether counsel's established ineffectiveness prejudiced Wilson at trial. We are unable to resolve these issues on this record and must therefore remand the case to the trial court for further findings of fact and a fuller explanation of the court's legal reasoning.

■ Wilson claimed ineffective assistance on two bases. First, he claimed that his trial counsel had an actual conflict of interest. Second, he claimed that his trial counsel failed to render effective assistance by not presenting pretrial motions for suppression of evidence, and in the way he conducted Wilson's trial. Under the federal constitution, if a defendant demonstrates that his trial counsel had an actual conflict of interest, prejudice is presumed and reversal is mandatory. *See Strickland v. Washington,* 466 U.S. 668, ——, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984). In contrast, where a defendant demonstrates that his trial counsel's general performance fell below an acceptable community standard, he must also show that trial counsel's failings actually prejudiced him. Under federal law, prejudice is established if a defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. The United States Supreme Court, therefore, applies a test of prejudice similar to the harmless error test applied to nonconstitutional errors. *See e.g., Love v. State,* 457 P.2d 622, 629–32 (Alaska 1969). A defendant who is able to establish incompetent assistance under Alaska law must also show prejudice,

though his burden is less rigorous. *Risher v. State,* 523 P.2d 421, 425 (Alaska 1974). Under *Risher,* a defendant alleging ineffective assistance of counsel must establish, first, that counsel's conduct either generally throughout the trial or in one or more specific instances did not conform to the standard of competence displayed by one of ordinary training and skill in the criminal law; and, second, that the lack of competency contributed to the conviction. *Id.* at 425 (footnote omitted). The Alaska test of prejudice, therefore, is akin to the harmless error test applied to errors of constitutional magnitude. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[1]

■ We have carefully reviewed the trial court's findings in this case and are in doubt as to the test of prejudice applied. In addition, we are particularly concerned that the trial court did not directly address Wilson's claim that his counsel had an actual conflict of interest. If such a conflict of interest was established, prejudice would be presumed and reversal would be mandatory. On remand the trial court shall directly address these issues. *See Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

One other facet of Wilson's complaint is of concern. A number of Wilson's claims of ineffective assistance of counsel relate to the alleged failure to bring suppression motions. Wilson contends that his counsel erred in failing to file a motion to suppress his confession, in failing to file a motion to suppress the fruits of an allegedly warrantless custodial pubic hair combing, in failing to file a motion to suppress the fruits of a search warrant and in failing to file a motion to suppress an in-court identification by the alleged victim, G.J. In a closely related argument, Wilson also alleges as

1. We recognize that the *Risher* rule, in part, is based upon an analysis of federal constitutional law and that it is possible that the Alaska Supreme Court may wish to reconsider the prejudice test established in *Risher* in light of *Strick-* *land.* The parties have neither briefed nor argued this issue, however, and we therefore adopt the *Risher* test of prejudice as the law of the case on remand.

ineffective assistance his counsel's failure to file a motion to dismiss the indictment.

■■■ Failure to file a motion to suppress could only be prejudicial if a timely motion would have been granted.[2] Thus, a party asserting ineffective assistance of counsel on this basis must establish, to the satisfaction of the court considering the motion for post-conviction relief, that the allegedly tainted evidence should be suppressed, and if suppressed, a trial jury considering the case without that evidence might entertain a reasonable doubt as to defendant's guilt. Only if the court would have granted Wilson's motion to suppress, except for its untimely filing, and if the suppression of that evidence would increase Wilson's chances of acquittal on retrial, would ineffective assistance of counsel be established. On remand, the trial court should consider, to the extent that the record permits, Wilson's claims that evidence was unconstitutionally used against him at trial and that the indictment should have been dismissed. Should the trial court conclude that none of the suppression motions nor the motion challenging the indictment is meritorious, it should so rule.

This case is REMANDED to the superior court for further proceedings consistent with this opinion.

COATS, J., not participating.

---

**2.** Given the state's ability to seek reindictment, it is difficult to see how failure to move to dismiss an indictment could be prejudicial. An attorney's failure to file a motion to dismiss an indictment would constitute constitutionally ineffective assistance of counsel if, and only if, the motion would have been granted and in the event of dismissal the state could not have reindicted, *e.g.,* would have had insufficient evidence to reindict.