**Phillip Paul WEIDNER and Drathman & Weidner, a Professional Corporation, Appellants,**

v.

**SUPERIOR COURT for the State of Alaska, THIRD JUDICIAL DISTRICT, Appellee.**

No. A–237.

Court of Appeals of Alaska.

Feb. 28, 1986.

Phillip Paul Weidner, Drathman & Weidner, and William P. Bryson, Anchorage, for appellants.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Phillip Weidner and Drathman & Weidner, a professional corporation (hereafter "Weidner"), appeal the imposition of $1,150 in attorney fees and sanctions levied against them in the case of *State v. Main,* 3ANS–82–8254 Cr. The record reflects that Mr. Weidner was assessed $400 in sanctions for violating several disciplinary rules and Rules of Court, and $750 in attorney's fees to be paid to the Department of Law for allegedly filing frivolous, unnecessary, and legally deficient pleadings. The state concedes that no hearing was ever held on the issue of sanctions, although Mr. Weidner requested a hearing and was promised a hearing by the trial court. Since Mr. Weidner was clearly entitled to a

hearing under Alaska Rule of Civil Procedure 95(b), it is necessary that we remand the case to the trial court for a hearing. We, nevertheless, address a number of issues raised by the parties in order to avoid uncertainty on remand.

## FACTS

In November 1982 the state charged Joseph Main with four counts of sexually abusing his eleven-year-old niece. Mr. Main retained Mr. Weidner and the firm of Drathman & Weidner to represent him. An omnibus hearing in Main's case was scheduled for January 31, 1983. At the hearing, Mr. Weidner was granted a ten-day extension of time in which to file his pretrial motions. Weidner filed twenty-seven pretrial motions, on February 7, seven days later, and within the time limits established by Judge Buckalew.

On February 18, 1983, the prosecutor moved to strike fifteen of the twenty-seven motions. She responded to the other twelve motions. She also moved for sanctions and attorney's fees pursuant to Alaska Rules of Civil Procedure 11, 77(1), and 95, alleging "violations of the rules of procedure and Code of Professional Responsibility reflected in the pretrial motions he [Weidner] filed with this court."

An omnibus hearing was held on February 23, 1983, before Judge Moody. At the hearing, Weidner asked that a ruling on the prosecutor's motion for sanctions be delayed until after Main's trial. Judge Moody agreed to wait until the end of the case to impose sanctions, after a hearing, but made it clear that he had already decided to impose sanctions "because of the noncompliance with the rule."

Weidner subsequently filed eleven more pretrial motions. In addition, he filed two motions apparently seeking reconsideration of motions previously denied. All of Weidner's motions were ultimately denied, with the exception of two: a motion to permit

independent transcription and analysis of tapes and a motion for discovery under Alaska Rule of Criminal Procedure 16.

Joseph Main's trial was held before Judge Victor D. Carlson. Main was found guilty of attempted rape on April 7, 1983. On July 26, 1983, Judge Moody signed a six-page order sanctioning Weidner for his pretrial motion practice. No hearing was ever held on the issue of sanctions. This appeal followed.

## DISCUSSION

Alaska Rule of Criminal Procedure 50 provides in relevant part:

> (b) *Civil Rules to Apply.* All other provisions of the Rules of Civil Procedure relating to attorneys, regarding applications to the court, stipulations examining witnesses, counsel as a witness, arguments on motions or hearings, nonresident attorneys, and disbarment and discipline, shall apply to practice in criminal actions in the courts of the state.

The supreme court has construed this rule to make civil rules governing motion practice and, specifically, Civil Rule 77, applicable in criminal proceedings. *See Padie v. State*, 566 P.2d 1024 (Alaska 1977);[1] *State v. Johnson*, 525 P.2d 532 (Alaska 1974). The court has also held that Civil Rule 95(b) is applicable in criminal cases. *See Davis v. Superior Court*, 580 P.2d 1176, 1178–79 (Alaska 1978); *Esch v. Superior Court*, 577 P.2d 1039, 1043 (Alaska 1978).

Civil Rule 95(b) sets forth the trial court's power to assess penalties against an attorney:

> In addition to its authority under (a) of this rule [to assess costs and attorney fees for infractions of the rules] and its power to punish for contempt, a court may, after reasonable notice and opportunity to show cause to the contrary, and after hearing by the court, if requested,

---

1. *See* Alaska R.Civ.P. 11 (the signature of an attorney on a pleading constitutes a certificate that he or she has read the pleading, that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay). *See also* Alaska R.Civ.P. 7(b)(2) (making rule 11 applicable to motions).

impose a fine not to exceed $500.00 against any attorney who practices before it for failure to comply with these rules or any rules promulgated by the supreme court.

In *Davis*, the court specifically applied this rule to failure by an attorney to be prepared at an omnibus hearing, and held that the trial court, pursuant to Civil Rule 95(b), may impose a fine for an attorney's violation of the "disciplinary rules applicable to attorneys." 580 P.2d at 1179. The supreme court has also indicated that sanctions are appropriate where an attorney is inadequately prepared to argue the law or present factual contentions to the trial court in connection with motion practice. *See State v. Johnson*, 525 P.2d 532, 535 n. 5 (Alaska 1974). While the state has charged Mr. Weidner with numerous derelictions, it appears that the state's primary complaint is that Mr. Weidner did not support each motion he filed with a legal memorandum discussing controlling authority, and failed to file affidavits with the motions which set out factual assertions made under oath that supported the various contentions upon which the motions were predicated. In this regard, we note Disciplinary Rule 7–106(B)(1) which states:

(B) In presenting a matter to a tribunal, a lawyer shall disclose:

(1) Legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel.

Alaska Code of Professional Responsibility, DR 7–106(B)(1). More to the point is Civil Rule 77 which provides in relevant part:

(b) There shall be served and filed with the motion:

(1) Legible copies of all photographs, affidavits and other documentary evidence which the moving party intends to submit in support of his motion;

(2) A brief, complete written statement of the reasons in support of the motion, which shall include a memorandum of the points and authorities upon which the moving party will rely; and

(3) An appropriate order for the court's signature in the event that the motion is granted.

Before proceeding to the legal issues which must be resolved before this case is remanded, it is necessary to point out a certain ambiguity in the rules governing motion practice in criminal cases. When we view the Alaska Rules of Criminal Procedure in their totality, we see two, and possibly three, slightly conflicting approaches to the processing of criminal motions. The most formal procedure is required by Civil Rule 77 which the trial court relied on in this case for imposition of sanctions. We note, however, that Criminal Rule 42 also appears to address motion practice and suggests a slightly more informal approach. Rule 42 provides:

An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

This rule is identical to Federal Rule of Criminal Procedure 47. In discussing the latter, a commentator has noted that this rule sets out the general minimum requirements for all motions. 3A C. Wright, *Federal Practice and Procedure: Criminal* § 801 at 191 (2d ed. 1982). In this regard, Wright points out that while some districts, by local rule, require that a motion be supported by a memorandum of law, Rule 47 does not. And by the same token, while Rule 47 permits affidavits to be provided with a motion, it does not require them.

The provision of the rule concerning affidavits is permissive only. The court has inherent power to require that the supporting affidavits be filed, but in the absence of a court order, or a local rule requiring affidavits, it is not required that affidavits be submitted. [Footnotes omitted]

*Id.* § 802 at 192.

An even less formal procedure for processing criminal motions is suggested by

Alaska R.Crim.P. 16, which comes from the ABA Standards Relating to Discovery and Procedure Before Trial, § 5.3 (Approved Draft 1970). The commentary to the ABA standards makes it clear that the omnibus hearing is viewed as a screening hearing at which defendants and their counsel are urged to raise motions without prior notice in the belief that the "[i]ssues are usually sufficiently typical as to be capable of oral presentation and on-the-spot disposition. Where an evidentiary hearing or formal matter is needed, the hearing can be continued as a matter of course for such purposes." *Id.* § 5.3 commentary at 118. It should be noted that the ABA Standards differ from Rule 16 in specifically requiring the presiding officer at the omnibus hearing to utilize a checklist and independently inquire of the prosecutor and defense counsel if they wish to raise typical motions, whether or not they had previously been raised. The commentary points out:

Under [these standards], the court should hear and rule on all motions, demurrers and other requests pending. As indicated in subsections (b) and (c) [of Standard 5.3], ordinarily such matters are to be presented orally at the Omnibus Hearing, without any filing or prior notice. The court should also inquire whether either party intends to present any such matter at a later time, and make arrangements accordingly. As subsection (a)(iv) makes clear that the court should hear and decide questions raised by counsel, subsection (a)(v) directs the court to inquire whether there are other questions which are ripe for consideration at that time. It is in conjunction with this subsection that the check-list form, discussed above, should prove invaluable.

*Id.* commentary at 119–20.

The provision requiring a checklist and the complimentary provisions providing for waiver of issues not raised are clearly intended to anticipate the defendant's rather broad rights to post-conviction relief and render recourse to those rights unnecessary. *Cf.* Alaska R.Crim.P. 35(c). The commentary makes it clear that the omnibus hearing gives the defendant a fair hearing and an opportunity for a decision, at an appropriate time, regarding his constitutional and other claims. Thus, by requiring trial courts to ferret out issues, it is hoped that the number of applications for post-conviction relief will be substantially reduced.

Accordingly, the procedure has been designed to minimize the number of instances in which the defendant will be unaware of the grounds for making his motions by the time of the Omnibus Hearing and, through the use of the check-list forms, to make it a matter of record that he has been afforded the opportunity, let alone prompted, to make them. In the judgment of the Advisory Committee this should suffice to make the consequence of waiver valid, as well as be an effective pressure upon the defense to make its challenges in the manner contemplated by section 5.3.

Standards Relating to Discovery and Pretrial Procedure, § 5.3 commentary at 121. In this regard, the standards point out:

Subsection 5.3(a) describes the matters which should be attended to at an Omnibus Hearing. The trial court's initiative is imperative in arranging the hearing and fulfilling its functions. The use of "an appropriate check-list form" is required so that the hearing is orderly, expeditious, and fair. The form should materially assist the court and counsel in ensuring that consideration is given those issues which, when ignored, typically form the basis for subsequent invalidation of an adjudication of guilt [whether through conviction or plea of guilty]. With the use of such a form, the need for the usual variety of motion papers with supporting affidavits and briefs is obviated—papers which consume such an inordinate amount of time in their preparation, filing, giving of notice, docketing and reading and which often merely repeat arguments already familiar to the court and counsel or fact situations

which need only be sketched to apprise court and counsel of their implications. *Id.* commentary at 117–18.

In summary, the formal procedures permitted by Criminal Rule 42, and required by Civil Rule 77, and the informal procedures contemplated by Criminal Rule 16, present alternatives which might confuse a responsible attorney seeking to represent his or her client in conformity with the rules. The conflict is best resolved by recognizing that the Alaska Supreme Court has delegated to the trial courts substantial flexibility in managing their own calendars and establishing procedures for resolving criminal motions within their own jurisdictions. Those courts which wish to utilize formal procedures requiring written motions, supporting affidavits, and memoranda of law, have authority in the rules to require it. By the same token, those courts which would prefer the less formal procedures contemplated in the ABA standards also find support in the rules for such procedures. It is imperative, however, given the uncertainty and ambiguity in the rules, that whichever decision a trial court makes, it communicates that decision in a timely manner to all counsel and parties likely to appear before it so that the procedure to be utilized, can be followed consistently. Certainly, an appropriate pretrial order would serve this function.[2] It is also possible that an attorney who has appeared before a certain judge on a number of occasions and has learned the procedures that judge customarily follows, could be held to have had notice of the required procedures. But, in the absence of adequate notice established by the record, we will carefully review the imposition of any sanctions for failure to comply with established procedures.

■ We now proceed to address specific questions presented by this appeal. Mr. Weidner argues that he is entitled to notice of the charges against him. We agree. Alaska Rule of Civil Procedure 95(b) authorizes imposition of a fine only "after reasonable notice and an opportunity to show cause to the contrary...." The notice must set forth the reasons for imposition of any potential fine, although the particular rule under which the court's authority was invoked and the rules alleged to have been violated need not be specified. *Davis,* 580 P.2d at 1180. We stress, however, that the notice must be sufficient to acquaint counsel with the nature of the alleged infraction or infractions. In most of the cases which the supreme court has considered, counsel was charged with a single infraction and the rules allegedly violated were obvious. Where counsel is charged with numerous infractions under a variety of rules, the better practice would be to specify with particularity the counsel's offense and give some indication of the rules allegedly violated.

■ Mr. Weidner also argues that he is entitled to discovery and that the Rules of Evidence apply at the hearing. The notice requirements of Rule 95(b), in conjunction with any affidavits filed by the prosecution, should sufficiently alert Mr. Weidner to the issues in controversy to enable him to prepare his defense. Formal discovery is not necessary. Since the matter is not one of "summary contempt," it would appear that the Rules of Evidence might apply. *See* Alaska Rule of Evidence 101(c)(2). We leave this issue for briefing and argument in the court below.

■ Mr. Weidner next argues that he is entitled to a jury trial. He is in error. Since this matter is being prosecuted under Civil Rule 95(a) (costs and attorney's fees) and Civil Rule 95(b) (which provides a maximum fine of $500 for rule infractions), there is no right to a jury trial. *See Wood*

---

**2.** The pretrial orders which we are recommending would be issued in individual cases, by the assigned judge, to govern motion practice in that case. The supreme court recently promulgated a new Administrative Rule 46 relating to "Special Judicial Administrative Orders." Violations of Special Judicial Administrative Orders may not be sanctioned under Civil Rule 95. We see no conflict between the procedure we recommend and the concerns addressed in the new administrative rule.

*v. Superior Court,* 690 P.2d 1225, 1233 (Alaska 1984).

 Mr. Weidner argues that he is entitled to a change of judge as a matter of right. *See, e.g.,* Alaska R.Civ.P. 42(c); Alaska R.Crim.P. 25(d). We disagree. An imposition of sanctions under Civil Rule 95(a) and (b) is simply a means of enforcing orders and court rules in the underlying civil or criminal litigation. In this case, the sanction issue is ancillary to *State v. Main.* Just as an individual cited for criminal contempt in connection with the enforcement of orders at an ongoing proceeding is not entitled to a new peremptory challenge of the trial judge, a person faced with sanctions under Civil Rule 95(a) and (b) is not entitled to a peremptory challenge. *See, e.g., Esch v. Superior Court,* 577 P.2d 1039, 1042 (Alaska 1978); *Continental Insurance Cos. v. Bayless & Roberts, Inc.,* 548 P.2d 398, 406 (Alaska 1976); *Webber v. Webber,* 706 P.2d 329 (Alaska App.1985). *See also Weaver v. Superior Court,* 572 P.2d 425, 430–31 (Alaska 1977). The unavailability of a peremptory challenge does not leave a litigant faced with criminal contempt or civil penalties without a remedy where, in fact, the totality of the circumstances establishes that the trial judge is prejudiced against him. In such cases, he or she has a right to challenge the trial judge for cause. Cause exists if the trial court, by its actions, indicates "personal rancor" toward the counsel accused of misconduct. The record reflects, however, that Mr. Weidner has never interposed a challenge for cause against any judge in this case. Should such a challenge be interposed, we assume it would be decided in conformity with AS 22.20.020.[3]

Finally, Mr. Weidner argues that he cannot effectively mount a defense to the charges of misconduct levied by the state while Mr. Main's conviction is pending on appeal. At oral argument, counsel for Mr. Weidner conceded that this issue could not be resolved by adoption of a general rule. In defense counsel's view, the issue really comes down to whether the judge ultimately assigned to hear this case should grant a continuance. We agree. On remand, the parties will be able to argue their respective positions regarding the appropriate timing for further proceedings in this case. Given the multiplicity of charges involved here, it is possible that some might be heard immediately without prejudice to any party, while others might warrant a postponement. As an alternative to a continuance, there is nothing in this record that would preclude the trial court from permitting Mr. Weidner, if necessary, to present evidence regarding the sanctions *in camera.* Ultimately, the matter is one committed to the sound discretion of the trial court.

The order imposing sanctions is VACATED and this case is REMANDED to the superior court for further proceedings consistent with this opinion.

---

**3.** Alaska Statute 22.20.020 pertains to disqualification of a judicial officer for cause.