Gregory W. SELIG, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2057.

Court of Appeals of Alaska.

Feb. 26, 1988.

Douglas J. Marston, Aglietti, Pennington, Rodey & Offret, Fairbanks, for appellant.

Ernest Wendl, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Gregory W. Selig was convicted of driving while intoxicated, in violation of AS 28.35.030. He appeals, contending that the trial court erred by summarily denying his motions to suppress certain evidence without a hearing. We remand for additional findings of fact by the trial court.

## FACTS

Selig was arrested on March 4, 1987, for driving while intoxicated. He was charged in a criminal complaint that was filed the following day. On March 6, 1987, Presiding Superior Court Judge Jay Hodges issued a pretrial order, assigning the case to Judge H.E. Crutchfield and scheduling it for calendar call on April 20, 1987, and for trial on April 21, 1987. The order provided in relevant part:

Any and all motions, petitions or applications to the court for an order shall be filed no later than 45 days from the date of this Order. All motions shall comply with Rule 77 of the Alaska Rules of Civil Procedure. All motions shall include a notice setting the motion, petition or application for hearing not less than 15 days prior to the time set for trial. If counsel require an evidentiary hearing as to any motions or matters, they shall file their request with the Calendar Clerk not later than 10 days prior to the hearing, or the evidentiary hearing is deemed waived.

If the defendant appears before the court without counsel, then the defendant shall be responsible for either obtaining the services of counsel promptly so that counsel may comply with the requirements of this order, or the defendant, if he elects to proceed without counsel, shall be responsible for compliance with this Order. Should either attorney or a party fail to comply with the provisions of this order without good cause, sanctions shall be imposed.

On April 7, 1987, Selig, through counsel, filed a motion to suppress "any statements made by the Defendant, any evidence seized by the police concerning the above-captioned matter, any breath samples or the results of any test thereof, and any evidence which is the fruit thereof." In support of the motion, he alleged as follows:

1. The Defendant was arrested on or about March 4, 1987, for driving while intoxicated which is a violation of AS 28.35.030.

2. During the course of the arrest or the ensuing investigation certain items were seized from the possession and control of the Defendant in violation of the Defendant's rights under the United States and Alaska constitutions.

3. The aforesaid arrest of the Defendant was done in violation of the Defendant's rights under the United States and Alaska constitutions.

4. During the course of the aforesaid arrest or the ensuing investigation certain statements were obtained from the Defendant in violation of the Defendant's rights under the United States and Alaska constitutions.

5. Following the illegal arrest, the Defendant was forced to give a breath sample in violation of his rights under the United States and Alaska constitutions.

6. The aforesaid breath test was not conducted in accordance with the rules and regulations promulgated for such tests.

The motion was not supported by an affidavit or a memorandum of law.[1] At

---

1. Alaska Rule of Civil Procedure 77, made applicable to criminal actions by Alaska Rule of Criminal Procedure 50(b), provides in relevant part:

(a) All motions, orders to show cause, petitions, applications and every other such matter shall be served upon the adverse party, or, after the adverse party has appeared by counsel, upon counsel for the adverse party.

(b) There shall be served and filed with the motion:

(1) Legible copies of all·photographs, affidavits and other documentary evidence which

the same time, counsel filed an "Attorney's Request for Hearing Date and Time," apparently on a form provided by the court. In the space indicated for "Dates within which matter must be set to comply with Rules of Court," Selig's counsel requested, "no sooner than 4/24/87." Thereupon the court scheduled a suppression hearing before Judge Crutchfield for May 1, 1987. The state filed its opposition on April 9, 1987. In its opposition the state argued:

> The basis for the opposition is that it is impossible to respond to the motion in that it does not contain any statement of what rights of the defendant were violated or in what way. This is a form motion submitted in every one of defendant's attorney's cases. Defendant's counsel has already been sanctioned by the Honorable Hugh Connelly in the amount of $150 for filing a virtually identical motion in another case, (*State v. Guy VonBergan*).

> Defendant has not by affidavit or otherwise raised an issue requiring an evidentiary hearing. The evidentiary hearing should be vacated and his motion denied.

On April 20, 1987, the court entered an order denying Selig's motions due to noncompliance with Alaska Civil Rule 77. Defense counsel was assessed costs of $150, pursuant to Civil Rule 95(a). On the same day, Selig's attorney filed six supplemental memoranda regarding his various issues. The memoranda contained a number of factual assertions. A motion for reconsideration of the trial court's order was filed simultaneously. In the motion for reconsideration, defense counsel argued that he had not been served with copies of the state's opposition to Selig's motions. In addition, he contended that the trial court erroneously relied on Civil Rule 77 when in fact Criminal Rule 42 authorized the procedure he had utilized.[2] Defense counsel also argued that he could not file an affidavit because the necessary evidence was in the possession of the state, specifically a videotape of certain sobriety tests and the breathalyzer examination. Finally, he contended that the court erred in failing to comply with Alaska Criminal Rule 12(d) which required it to state "its essential findings on the record."

Selig and counsel appeared for trial the following day. Judge Slater apparently substituted for Judge Crutchfield. Selig's counsel indicated to Judge Slater that several motions had been filed and denied, and that sanctions had been imposed. He represented that he did not have any idea what he had done wrong, implying that he had had no notice that the trial court intended to enforce Civil Rule 77 in his case. Neither Judge Slater nor Judge Blair specifically ruled on Selig's motion for reconsideration.[3] Judge Slater, however, indicated at trial that he had informally discussed the matter with Judge Blair and that Judge Blair did not intend to reconsider his ruling.

---

the moving party intends to submit in support of his motion;

(2) A brief, complete written statement of the reasons in support of the motion, which shall include a memorandum of the points and authorities upon which the moving party will rely; and

(3) An appropriate order for the court's signature in the event that the motion is granted.

. . . .

(k) When a motion is based on facts not appearing of record, the court may hear the matter on affidavits or other documentary evidence presented by the respective parties, but the court may direct that the matter be heard wholly or partly on testimony or deposition.

**2.** Alaska Rule of Criminal Procedure 42 provides:

An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

**3.** Alaska Rule of Civil Procedure 77(m)(4) provides:

(4) The motion for reconsideration shall be decided by the court without oral argument. If the motion for reconsideration has not been ruled upon by the court within 20 days from the date of the filing of the motion, or within 20 days of the date of filing of a response requested by the court, whichever is later, the motion shall be taken as denied.

At trial, Selig's counsel objected to the admission of statements made by Selig at the time of his arrest on the grounds that no *Miranda* warnings had been given. The trial court permitted defense counsel to voir dire Officer Maitland prior to the court's ruling on the objection. Defense counsel also objected to the introduction of the videotape containing admissions made by Selig, alleging Selig had not waived his *Miranda* rights. Finally, defense counsel objected to the admission of the results of the Intoximeter 3000 test performed on Selig, on the ground that Selig had not been observed the requisite twenty-minute period. The trial court overruled the objections.

## DISCUSSION

Alaska Criminal Rules 12 and 16 require a defendant to seek pretrial resolution of motions to suppress evidence illegally obtained. Alaska law gives the trial court broad discretion to determine what procedures to follow in resolving such motions. *Weidner v. Superior Court*, 715 P.2d 264 (Alaska App.1986).[4] In the instant case, Selig arguably complied with Criminal Rule 42. He did not comply with Civil Rule 77, which requires the moving party to make a self-contained presentation. A Rule 77 motion should identify the precise relief requested and should be accompanied by an affidavit setting forth all of the relevant

facts known to the defendant and his witnesses, and a legal memorandum applying the law to those facts, demonstrating that if the defendant's factual statement is true, he is entitled to the relief requested.

 When a defendant fails to seek pretrial resolution of suppression issues in time to avoid disrupting the trial date or otherwise prejudicing the prosecution, he may be held to have forfeited the right to object to the evidence. Criminal Rule 12(e)[5]; *Best v. Municipality of Anchorage*, 749 P.2d 375 (Alaska App.1988); *Wortham v. State*, 689 P.2d 1133 (Alaska App. 1984); *Fox v. State*, 685 P.2d 1267 (Alaska App.1984). When the motions are not timely but are made sufficiently in advance of trial to permit their resolution without disrupting the trial or prejudicing the prosecution, it is an abuse of discretion not to resolve them and, if necessary, impose other sanctions to enforce the rules. *Fox*, 685 P.2d at 1270–71.

We agree with those courts that extend this forfeiture rule to cases in which a timely motion is made, but does not substantially comply with applicable procedural rules so that the matter cannot be resolved pretrial without disruption to the trial date or other significant prejudice to the prosecution. *See Annas v. State*, 726 P.2d 552, 558 (Alaska App.1986) (Rule 12(e)

---

**4.** In *Weidner*, we recognized that Criminal Rules 16 and 42 and Civil Rule 77, incorporated by reference in Criminal Rule 50, provided alternate procedures of increasing formality for resolution of pretrial motions. We continued:

> In summary, the formal procedures permitted by Criminal Rule 42, and required by Civil Rule 77, and the informal procedures contemplated by Criminal Rule 16, present alternatives which might confuse a responsible attorney seeking to represent his or her client in conformity with the rules. The conflict is best resolved by recognizing that the Alaska Supreme Court has delegated to the trial courts substantial flexibility in managing their own calendars and establishing procedures for resolving criminal motions within their own jurisdictions. Those courts which wish to utilize formal procedures requiring written motions, supporting affidavits, and memoranda of law, have authority in the rules to require it. By the same token, those courts which would prefer the less formal proce-

dures contemplated in the ABA Standards also find support in the rules for such procedures. It is imperative, however, given the uncertainty and ambiguity in the rules, that whichever decision a trial court makes, it communicates that decision in a timely manner to all counsel and parties likely to appear before it so that the procedures to be utilized, can be followed consistently. Certainly, an appropriate pretrial order would serve this function.

715 P.2d at 268.

**5.** Alaska Criminal Rule 12(e) provides:

> *Effect of Failure to Raise Defenses or Objections.* Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to section (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

allows trial court to deny a continuance to hold an evidentiary hearing for an untimely pretrial motion when trial would be delayed); *State v. Miller*, 17 Or.App. 352, 521 P.2d 1330 (1974), *aff'd* 269 Or. 328, 524 P.2d 1399 (1974) (violation of local rule requiring affidavit accompanying suppression motion justifies denial of motion); *State v. Holloway*, 311 N.C. 573, 319 S.E. 2d 261 (1984) (defendant waives right to suppression for failure to include an affidavit specifying grounds for suppression). *But see Holloway v. Woodard*, 655 F.Supp. 1245 (W.D.N.C.1987) (granting petition for habeas corpus on basis that application of forfeiture rule under the peculiar facts of that case served no interest other than to bar assertion of a federal right). *See generally* 1 W. LaFave & J. Israel, *Criminal Procedure* § 10.1(b) at 782 (1984).

■ In this case, the trial court issued a pretrial order approximately forty-five days in advance of the date set for trial.[6] The order specifically required compliance with Civil Rule 77. It clearly satisfied the notice requirements established in *Weidner*, 715 P.2d at 268. The trial court could have found that Selig's belated attempts to comply with the rule would not have permitted resolution of the issues without delaying the trial. Such a finding would justify refusal to relieve Selig from forfeiting the suppression issue. *Wortham v. State*, 689 P.2d at 1137–38.

When he appeared for trial, however, Selig's counsel apparently argued to the trial court that he never received a copy of the order and did not understand that he was obligated to comply with Civil Rule 77 in presenting his motions to suppress. He specifically stated that he had no idea why they were deficient and why Judge Blair denied them. In addition, he specifically denied receiving the state's opposition to his motions, which challenged the adequacy of his motions, and requested vacation of the scheduled hearing.

Selig's claim, that he did not receive the notice required by *Weidner*, when considered together with the clerk's certification that she sent notice to the parties, presents issues of material fact. *Cf. Hartsfield v. Carolina Casualty Company*, 411 P.2d 396, 399–400 (Alaska 1966), *after remand* 451 P.2d 576 (Alaska 1969) (denial of receipt of notice establishes a disputed issue of fact regarding whether notice was sent). Since advance notice of the procedures to be followed is a prerequisite to their enforcement through the imposition of sanctions, particularly a refusal to consider the motions, it necessarily follows that the trial court was obligated to hold an evidentiary hearing at least limited to the question of Selig's notice of the order in question. *See Adams v. State*, 704 P.2d 794, 797 (Alaska App.1985) (where a conflict in the evidence exists regarding a material fact relevant to resolution of a suppression motion, the trial court must hold an evidentiary hearing to resolve that conflict and may not rely upon Alaska Civil Rule 77 to resolve the dispute on documentary evidence). At the completion of the hearing, the court was obligated to make specific findings of fact resolving the disputed issue. *Burks v. State*, 706 P.2d 1190, 1191 (Alaska App.1985). Since it does not appear that the trial court ever specifically resolved the question of whether Selig received notice that he would be required to comply with Civil Rule 77 in presenting his suppression motions, it is necessary to vacate the order denying those motions and remand the case to the trial court for further proceedings.[7]

6. The order provided in part:

 I certify that on ____ copies of this document were sent or delivered to the parties of record. Clerk: *[initials]*

7. One further issue should be addressed on remand. In its order denying Selig's suppression motions, the trial court imposed sanctions, pursuant to Civil Rule 95(a), which provides that for any infraction of these rules the court may withhold or assess costs or attorney fees as the circumstances of the case and discouragement of like conduct in the future may require; and such costs and attorney's fees may be imposed upon offending attorneys or parties. In *State v. Superior Court*, 743 P.2d 381 (Alaska App.1987), we held that the supreme court has not authorized the imposition of costs and attorney fees under Civil Rule 95(a) in criminal and juvenile cases. We assume that the trial court will consider and follow this decision on remand. Should the trial court elect to impose a fine,

In light of our decision to remand this case, it is necessary that we briefly address certain additional contentions of the parties. Selig argues that the trial court cannot require a criminal defendant to support a motion to suppress with affidavits of fact and memoranda of law. He reasons that to do so impermissibly puts the burden of proof on a defendant seeking suppression of illegally obtained evidence, in violation of federal law. *See Brown v. Illinois*, 422 U.S. 590, 604, 95 S.Ct. 2254, 2262, 45 L.Ed.2d 416 (1975); *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *see also Schraff v. State*, 544 P.2d 834 (Alaska 1975).

The term burden of proof in this context is somewhat misleading. It covers three distinct burdens, the burden of pleading, the burden of production, and the burden of persuasion. *See* E. Cleary, *McCormick on Evidence* § 336 (3rd ed. 1984); 4 W. LaFave, *Search and Seizure* § 11.2(b) at 217 (2nd ed. 1987), and 1 W. LaFave and J. Israel, *Criminal Procedure* § 10.3 at 788 (1984).

■ Civil Rule 77 places the burden of pleading and production on the moving party and requires the defendant to give the prosecution sufficient notice of the facts and the law which the defendant relies upon in support of suppression so that it can prepare a response. It also guides the trial court in determining whether an evidentiary hearing will be required. *See State v. Johnson*, 16 Or.App. 560, 519 P.2d 1053 (1974). Naturally, by analogy to a pleading, the defendant is only required to swear under oath to those facts known to him. He may supplement his personal knowledge where it is insufficient, if he wishes, by affidavits from other defense witnesses regarding relevant facts within their knowledge.

We recognize that the defendant may not be aware of all relevant facts. For example, where the claim is made that a warrantless arrest was not supported by probable cause, the defendant should be permitted to allege this fact on information and belief in reliance on specified materials he receives through discovery. *See State v. Holloway.* Once the defendant has filed his affidavits and supporting legal memoranda, the state is obligated to respond by filing affidavits setting out its version of the facts.[8] When a comparison of the affidavits in support of and in opposition to the motion establishes disputed issues of material fact, the trial court should schedule an evidentiary hearing to resolve those issues sufficiently in advance of trial to avoid delay. *Adams v. State*, 704 P.2d at 794. The trial court can then make the specific findings of fact required by Criminal Rule 12(d). *Burks v. State*, 706 P.2d at 1191–92. The ultimate burden of persuasion may well rest with the state in accordance with the authorities cited by Selig.

■ Selig next argues that the procedure followed by the trial court deprived him of his opportunity to testify in support of his motions without waiving his privilege against self-incrimination at trial. He relies on *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 1247 (1968), in which the Supreme Court held that a defendant must be permitted to present evidence concerning the impropriety of police

pursuant to Civil Rule 95(b), which is applicable to criminal cases, *see Davis v. Superior Court*, 580 P.2d 1176, 1178–79 (Alaska 1978), the trial court should give counsel notice and a reasonable opportunity to be heard. *See Esch v. Superior Court*, 577 P.2d 1039 (Alaska 1978).

8. Alaska Rule of Civil Procedure 77(c) provides in relevant part:

Each party opposing the motion or other application shall, within 10 days after service of the motion or other application upon him, unless otherwise ordered by the court, or otherwise stipulated to by the parties with court approval, either:

(1) Serve and file legible copies of all photographs, affidavits, and other documentary evidence upon which the party tends to rely; and

(2) Serve and file a brief, complete written statement of the reasons and opposition to the motion, which shall include an adequate answering brief of points and authorities; and

(3) Serve and file an appropriate order for the court's signature in the event the motion is denied; or

(4) Serve and file a written statement that he will not oppose the motion.

conduct without forfeiting his fifth amendment privilege to refuse to testify at trial. We are satisfied that the Alaska Rules of Evidence and Criminal Procedure adequately protect Selig's right to present evidence in support of his suppression motions. Selig could have, in compliance with the evidence rule, filed affidavits setting out his version of the facts without forfeiting his fifth amendment right to remain silent at trial.[9]

The order of the district court denying Selig's suppression motions is VACATED, and this case REMANDED for further proceedings consistent with this opinion.[10]

**9.** Alaska Rule of Evidence 104(d) provides in relevant part:

> The accused does not, by testifying upon a preliminary matter, subject himself to cross-examination as to other issues in the case. Testimony given by the accused at the hearing is not admissible against him unless inconsistent with his testimony at trial.

We are satisfied that the policy behind this rule extends to testimony in the form of affidavits as well as oral testimony at an evidentiary hearing. We see no reason to distinguish between the two.

**10.** Should the trial court determine on remand that Selig had sufficient notice of the applicability of Rule 77 to this case to warrant the trial court's finding of a forfeiture based upon noncompliance, the court should also consider whether Selig should be relieved from the forfeiture under the standards established in *Fox.* *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2653–55, 91 L.Ed. 397 (1986), Stevens, J., concurring (discussing relief from waiver under comparable Federal Rule of Criminal Procedure

12(b)(2)). In deciding this question, the court should bear in mind that a criminal defendant may be entitled to relief based on ineffective assistance of counsel if he can establish that a suppression motion should have been filed but was not, and, if filed, would have been granted, and, if granted, would have substantially enhanced the likelihood of a more favorable result at trial. *See, e.g., Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986); *Wilson v. State,* 711 P.2d 547, 549–50 (Alaska App.1985). *But compare Moreau v. State,* 588 P.2d 275, 279–80 (Alaska 1978) (suppression motions rarely involve "plain error") *with Potts v. State,* 712 P.2d 385, 394 n. 11 (Alaska App.1985) (noting similarity between "plain error analysis" and ineffective assistance of counsel). In determining whether Selig has established prejudice from failure to consider his suppression motions, the court may, of course, consider the extent to which those motions were considered and denied at trial.