**Sadruddin ABDULLAH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A-3166.**

Court of Appeals of Alaska.

Sept. 13, 1991.

Leslie A. Hiebert, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

Eric A. Johnson, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

OPINION

COATS, Judge.

Sadruddin Abdullah was convicted, following a court trial, of two counts of misconduct involving a controlled substance in the third degree, and one count of aiding and abetting another person to commit that offense. AS 11.71.030(a)(1) and AS 11.16.-110(2)(B). Abdullah appeals, arguing that Superior Court Judge Joan M. Katz erred in denying his motion to suppress evidence. We affirm.

In her order denying Abdullah's motion to dismiss the indictment and suppress evi-

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

dence, Judge Katz found the following facts:

> On June 16, 1988, defendant Abdullah was charged with possession of cocaine in a Kodiak case. At the time of the subsequent events relating to the present case, Abdullah had asserted his right to counsel and was out on bail on the Kodiak charges. Alaska State Trooper Grimes was informed of the Kodiak charges. She agreed to assist the Kodiak police by checking Anchorage to Kodiak flights for Abdullah and otherwise keeping an eye out for him.

> In August, 1988, Grimes was contacted by one Arthur Alexander, an inmate at Cook Inlet Pretrial facility. Mr. Alexander offered to cooperate with the state in arranging a buy from Mr. Abdullah. Alexander was not considered to be a reliable informant. Grimes agreed, therefore, to use him only to the extent of having him make a telephonic introduction of an undercover officer to Abdullah. The introduction was accomplished. The officer, Wilbur Hooks, was able to conclude two transactions with Abdullah. These transactions form the basis of the two counts set forth in the present indictment.

■ Abdullah contends that the charges in the Anchorage case resulted from a single and continuous investigation of his drug dealing activities in Kodiak. He argues that his right to counsel, invoked in the Kodiak case, extended to the Anchorage investigation. He therefore claims that the police were thus precluded from contacting him and eliciting statements without the presence of counsel. He argues that when Hooks contacted him and elicited statements from him, his right to counsel under both the United States and Alaska Constitutions was violated. U.S. Const. amend. VI; Alaska Const. art. 1, § 11.

In rejecting Abdullah's motion, Judge Katz found:

> Investigator Grimes did obtain her first information regarding Abdullah from the Kodiak law enforcement officials. But she investigated to ascertain if there was ongoing criminal activity, distinct from the specific possession charge filed in Kodiak. No right to counsel had attached to these ongoing activities, since no "critical stage" had been reached in the proceedings regarding such activities.

In reaching her decision, Judge Katz relied on *Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), and *McLaughlin v. State,* 737 P.2d 1361 (Alaska App.1987). We agree with Judge Katz that those decisions compel the result in this case. The record supports Judge Katz's finding that the police contacted Abdullah to ascertain if he was involved in ongoing drug activity. The fact that Abdullah had counsel appointed to represent him on the charge of possession of cocaine that arose in Kodiak did not serve to shield him so that he could sell drugs in Anchorage without fear of police interference.

■ Abdullah also contends that Judge Katz erred in denying his motion under the due process clause of the Alaska Constitution. Article 1, § 7 of the Alaska Constitution provides:

> No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed.

In particular, Abdullah points to the language concerning "fair and just treatment in the course of legislative and executive investigations" to support his contention that the Alaska due process clause should be interpreted more broadly than the due process clause of the United States Constitution. It is questionable whether the language Abdullah relies upon was intended to apply to routine criminal investigations. However, the courts of this state have interpreted the Alaska Constitution to provide broader protections for criminal defendants than the Federal Constitution. *See, e.g., Blue v. State,* 558 P.2d 636, 641 (Alaska 1977). However, based on our foregoing analysis, we see no reason to extend the Alaska Constitution to prohibit the po-

lice activity about which Abdullah complains.

 Abdullah argues that Judge Katz erred in failing to make sufficient findings under Criminal Rule 12(d) in rejecting his due process challenge. Criminal Rule 12(d) provides that:

> A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. Where factual issues are involved in determining a motion to suppress evidence, the court shall state its essential findings on the record.

This court has previously explained that the purpose of Rule 12(d) is to require a court to make an accurate record for appellate review where there is direct factual conflict in the testimony on a suppression issue. *Burks v. State*, 706 P.2d 1190, 1191 (Alaska App.1985). Judge Katz made sufficient findings for us to review the due process issue Abdullah raises. His due process issue essentially overlaps his right to counsel issue. The question before us is a legal issue requiring no additional factual findings. We find no error.

The conviction is AFFIRMED.

MANNHEIMER, J., not participating.