MANSFIELD, Justice
(concurring specially).
I join the court’s opinion except for part II. In part II, I have concerns that the court is laying the groundwork for adopting, sua sponte, a new doctrine of ineffective assistance of counsel under the Iowa Constitution.
I am not joining part II for two reasons. First, our court should only be deciding the case before it, not planting a flag for possible future decisions. Second, I question the practice of changing longstanding constitutional interpretations sua sponte. Rather, changes to our precedent should occur only when we are given a framework, under adversarial briefing, for doing so.
I begin with what the defendant argued in his brief and in his application for further review, quoted verbatim:
To establish a claim of ineffective assistance of counsel, the Applicant has the burden to prove the following: (1) counsel failed in an essential duty and (2) prejudice resulted therefrom. Strickland v. Washington, 466 U.S. 668[, 104 S.Ct. 2052, 80 L.Ed.2d 674] (1984); State v. Greene, 592 N.W.2d 24, 29 (Iowa 1999). In proving the first element, the Applicant faces the strong presumption the performance of counsel falls within a wide range of reasonable professional assistance. State v. Hepperle, 530 N.W.2d 735, 739 (Iowa 1995). The Court will not second guess reasonable *640 trial strategy. State v. Wissing, 528 N.W.2d 561, 564 (Iowa 1995). The second element is satisfied if a reasonable probability exists that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Davis v. State, 520 N.W.2d 319, 321 (Iowa Ct.App.1994).
Reading the foregoing, the majority concludes that the defendant “does not specify whether he is proceeding under the Sixth Amendment to the United States Constitution or article I, section 10 of the Iowa Constitution.” This statement is accurate so far as it goes. However, the defendant’s first citation is to Strickland, which. is a very familiar precedent decided only under the United States Constitution. 466 U.S. at 684-85, 104 S.Ct. at 2063, 80 L.Ed.2d at 691-92. I would therefore conclude that the Federal Constitution is the asserted ground for reversal.
The most one can say for the majority’s position is that the second of the four Iowa cases cited by the defendant — Hepperle— mentions the right to counsel under both Constitutions. 530 N.W.2d at 739. Therefore, if we do some detective work and read all the defendant’s authorities, we can find a reference to the state constitution in one of them. Yet, I do not believe that an appellant can preserve a separate ground for appeal without arguing or mentioning that ground, just because a court decision cited- by the appellant refers to that ground. See Sanchez v. State, 692 N.W.2d 812, 820 (Iowa 2005) (holding class of undocumented immigrants waived their argument that denial of driver’s licenses violated the Iowa Constitution because they “fail[ed] to examine this claim in their brief and failfed] to address any specific application of the language of [the state constitution] to this case”).
Regardless, the defendant has not urged that the right to counsel under the Iowa Constitution should be interpreted differently. To date, we have followed the Strickland standard under both the United States and the Iowa Constitutions. See State v. Clark, 814 N.W.2d 551, 567 (Iowa 2012) (applying the two-prong Strickland test under both Constitutions); State v. Fountain, 786 N.W.2d 260, 265-66 (Iowa 2010) (same); State v. Ondayog, 722 N.W.2d 778, 784 (Iowa 2006) (same); Collins v. State, 588 N.W.2d 399, 401-02 (Iowa 1998) (same); State v. Kinkead, 570 N.W.2d 97, 103 (Iowa 1997) (same); Hep-perle, 530 N.W.2d at 739 (same); State v. Munz, 355 N.W.2d 576, 584 (Iowa 1984) (same).[3] We should not retreat from these precedents when no one asks us to do so.
Although the majority refers obliquely to other courts “not utilizing] the Strickland test,” an important distinction should be made. These jurisdictions had pre-Strickland ineffective-assistance standards under their state constitutions that they simply kept after Strickland was decided.[4]
*641 They did not follow Strickland for thirty years and then decide, one day, not to follow it. And certainly, I am aware of no court that has gone its own way without being asked to do so.
If the unnecessary language in part II were omitted, I would not file this special concurrence and would join the court’s opinion in its entirety. The balance of the court’s opinion is very well-reasoned, and I agree with it.
WATERMAN, J., joins this special concurrence.

. I have previously said that I believe our court's view of what amounts to a failure to perform an essential duty under Strickland is "expansive.” See Rhoades v. State, 848 N.W.2d 22, 33-34 (2014) (Mansfield, J„ concurring specially). But we have taken this expansive view while applying Strickland; we have never suggested that we are taking a different approach to ineffective assistance of counsel under the Iowa Constitution.

. See Wilson v. State, 711 P.2d 547, 549 (Alaska Ct.App.1985) (retaining the standard set forth in Risher v. State, 523 P.2d 421, 425 (Alaska 1974)); State v. Smith, 68 Haw. 304, 712 P.2d 496, 500 n. 7 (1986) ("The test for measuring ineffectiveness adopted by this court in State v. Antone, 62 Haw. 346, [615 P.2d 101, 104 (Haw.1980),] is not that declared by the Supreme Court in Strickland. ... But for purposes of judging claims of inadequate representation brought under article I, section 14 of the Hawaii Constitution, we shall continue to apply the standard enunciated in ... Antone.”)', People v. Claudio, 83 N.Y.2d 76, 607 N.Y.S.2d 912, 629 *641 N.E,2d 384, 385-86 (1993) (explaining how, prior to Strickland, the New York courts had developed “a somewhat different test for ineffective assistance of counsel under article I, § 6 of the New York Constitution” and applying that test); Stevens v. State, 322 Or. 101, 902 P.2d 1137, 1141-42 (1995) (en banc) (clarifying that the pre-Strickland state constitutional standard from Krummacher v. Gier-loff, 290 Or. 867, 627 P.2d 458, 468 (1981) (en banc), still applied after Strickland).