John STREHL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–717.

Court of Appeals of Alaska.

July 18, 1986.

Rehearing Denied Sept. 9, 1986.

Edward T. Noonan, Fairbanks, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

John Strehl was convicted by a jury of four counts of sexual assault in the first degree and three counts of sexual abuse of a minor. Superior Court Judge Jay Hodges sentenced Strehl to an aggregate term of twenty-five years' imprisonment with ten years suspended. Strehl appeals, challenging both his conviction and his sentence.

■ Strehl initially contends that he received ineffective assistance of counsel below.[1] He argues, first, that his trial counsel was ineffective in failing to file a timely suppression motion challenging the voluntariness of his confession. While Strehl's trial counsel may have been deficient in failing to raise the voluntariness issue in a timely manner, Strehl has failed to demonstrate that the deficiency contributed to his conviction. *See Risher v. State,* 523 P.2d 421, 424–25 (Alaska 1974); *Wilson v. State,* 711 P.2d 547 (Alaska App.1985).

Strehl was given a full opportunity to develop his suppression arguments at the post-trial evidentiary hearing held in connection with his claim of ineffective assistance of counsel. After duly considering the arguments and evidence presented by Strehl, Judge Hodges concluded that the motion to suppress was not meritorious.

There is abundant evidence in the record to support Judge Hodges' conclusion concerning the merits of Strehl's suppression motion. Moreover, our independent review of the record leads us to conclude that Strehl confessed voluntarily, after having knowingly and intelligently waived his *Miranda*[2] rights. *See, e.g., Troyer v. State,* 614 P.2d 313, 318 (Alaska 1980); *Mallott v. State,* 608 P.2d 737, 743 (Alaska 1980); *Sprague v. State,* 590 P.2d 410, 414 (Alaska 1979). Based on Strehl's testimony be-

---

1. To prove ineffective assistance of counsel, a defendant must prove that the attorney's conduct fell below the range of competence required for a lawyer skilled in criminal law and that the attorney's incompetence contributed to the conviction. *Risher v. State,* 523 P.2d 421, 424–25 (Alaska 1974).

2. *See Miranda v. Arizona,* 384 U.S. 436, 444–45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706–07 (1966).

low, it does not appear that his confession was influenced by any confusing or misleading information concerning the circumstances of his interview with the police, nor does it appear that his possible intoxication significantly impaired his ability to comprehend his situation. *See, e.g., Mallott v. State,* 608 P.2d at 743; *Van Cleve v. State,* 649 P.2d 972, 976 (Alaska App.1982).

We further conclude that, under the circumstances, the police in this case were under no duty to affirmatively inform Strehl, prior to commencing his interview, that criminal charges were contemplated. *Cf. United States v. McCrary,* 643 F.2d 323 (5th Cir.1981) (indicating that information concerning the purposes of an interrogation may be required when circumstances might otherwise be inherently misleading).

■ The second argument asserted by Strehl as a basis for his ineffective assistance of counsel claim is that his trial counsel failed to cross-examine the victim. There is nothing in the record, however, to indicate that trial counsel's refusal to cross-examine the victim was anything other than a sound tactical decision made in the course of trial. Such decisions are properly reserved for trial counsel, and it was not Strehl's prerogative to dictate or second guess his trial attorney's choice in this regard. *See, e.g., Lanier v. State,* 486 P.2d 981, 988 (Alaska 1971). Furthermore, it appears that Strehl desired to cross-examine the victim concerning matters which, while possibly relevant to sentencing, had no bearing on the issue of guilt or innocence. Strehl has thus failed to meet either prong of the *Risher* standard. *Risher v. State,* 523 P.2d at 424–25.

■ Strehl's next argument is that he should not have been subjected to a criminal prosecution, because his charges were initiated by a complaint of child abuse initially filed with the Department of Health and Social Services. This argument is predicated on the assertion that AS 47.17.-025 precludes the Department from disseminating child abuse reports to the criminal division of the Department of Law for purposes of prosecution.[3]

The plain language of AS 47.17.025, however, contains no restriction against dissemination of child sexual abuse reports for purposes of criminal prosecution. Nor does the legislative history of the statute support such a restrictive reading of its provisions. We conclude that reliance by the criminal division of the Department of Law on a report of sexual abuse for purposes of initiating prosecution is not prohibited by AS 47.17.025.

■ Strehl also argues, for the first time on appeal, that he was denied his right to a unanimous verdict. *See Covington v. State,* 703 P.2d 436 (Alaska App.1985) (*Covington I*). The state concedes error under *Covington I,* but argues that the error was harmless, at least as to all counts except Counts IV and V. *See State v. Covington,* 711 P.2d 1183 (Alaska App. 1985) (*Covington II*).

Upon review of the record, we conclude that the state's concession of error is well founded. *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972). However, we further agree that, under *Covington II,* any error as to Counts I, II, III, VI and VII was harmless. Evidence presented at trial by the state consisted of the testimony of the victim and her mother, as well as Strehl's tape recorded confession. As to the charges in Counts I, II, III, VI and VII, the state's evidence was internally consistent and virtually undisputed. Strehl presented no defense at trial. Although the jury was not specifically instructed of the need to agree on the exact conduct involved in each count, it was told that its verdict on each count was required to be based on conduct that was not included in any other count. We find, under the circumstances, that the trial court's failure to give a specific instruction requiring unanimous agreement on the same act for each count was harmless beyond a reasonable doubt as to Counts I, II, III, VI and VII.

---

3. We expressly left this issue open in *State v.* *R.H.,* 683 P.2d 269, 282 n. 16 (Alaska App.1984).

■ We are unable to reach the same conclusion as to Counts IV and V. Those two counts involve convictions for the lesser-included offense of sexual abuse of a minor. The convictions were not for conduct specifically charged in the indictment. There was substantial concordance in the evidence at trial to support Strehl's conviction of the one count of sexual abuse originally charged (Count I), and as to this count we have held that it is reasonably certain that the jury unanimously agreed on the act committed by Strehl. As to Counts IV and V, however, it is impossible to conclude with reasonable certainty that the jury was unanimous as to the conduct reflected by its verdicts. It appears that the jury's verdicts on these two counts might have been based on any one of a number of different instances of sexual touching alluded to in Strehl's confession and in the testimony of Strehl's wife and of the victim. Because we are unable to find the error as to Counts IV and V harmless beyond a reasonable doubt, we hold that Strehl's conviction on these counts must be vacated.

■ Strehl's final contention is that his aggregate sentence of twenty-five years with ten years suspended is excessive. Although Strehl is nominally a first offender, he has a consistent and long-standing history of sexually assaultive misconduct toward children. This history dates back to 1968, when Strehl molested two young girls in Indiana. He was adjudged a criminal sexual psychopathic person and placed in a state hospital, where he spent three and one-half years in treatment.

Strehl's conduct in the present case occurred over a period of only two days. Yet it is clear from the sentencing record that his conduct reflected a far more extensive pattern of sexual abuse with the same victim occurring over a lengthy period of time. The psychological evaluation of Strehl prepared for purposes of his sentencing hearing provides little indication of any realistic prospects for Strehl's successful rehabilitation.

Under these circumstances, in spite of Strehl's status as a first offender for presumptive sentencing purposes, there is ample basis to support a finding that he is a dangerous and recalcitrant offender. *See Polly v. State*, 706 P.2d 700, 702 (Alaska App.1985); *Seymore v. State*, 655 P.2d 786 (Alaska App.1982); *Qualle v. State*, 652 P.2d 481 (Alaska App.1982). *See also Dymenstein v. State*, 720 P.2d 42, 46–47 (Alaska App., 1986). Having independently reviewed the entire sentencing record, we hold that the sentence imposed by Judge Hodges was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The judgment is VACATED as to Counts IV and V.[4] As to all other counts, the judgment and sentence are AFFIRMED.

**4.** Because identical concurrent sentences of five years, all suspended, were imposed on Counts I, IV and V, our disposition as to Counts IV and V does not affect Strehl's sentence. Assuming the state does not elect to retry these counts, no action by the trial court other than an order vacating the conviction on these counts will be necessary.