Therran L. WALSTAD, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3554.

Court of Appeals of Alaska.

Oct. 4, 1991.

---

Kenneth L. Covell, Law Offices of Dick L. Madson, Fairbanks, for appellant.

Eric A. Johnson, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.[*]

## OPINION

BRYNER, Chief Judge.

Therran L. Walstad entered a plea of no contest to a single count of sexual abuse of a minor in the first degree, reserving the right to appeal the superior court's denial of his motion to suppress, in which Walstad challenged the state's evidence as the unlawful fruit of a violation of the psychotherapist-patient and communications with clergy privileges. Walstad renews his challenge on appeal. We affirm the superior court's order denying the suppression motion.

There is no significant dispute as to the facts of this case. Walstad sexually molested a four-year-old child who had been placed in his care for an evening. The child's parents learned of the abuse and confronted Walstad. Walstad sought help through counseling with William Webb, a minister and certified counselor. After learning that Walstad had had sexual relations with a child, Webb reported the abuse to the authorities. Webb made his report to comply with AS 47.17.020(a)(1), which requires:

(a) The following persons who, in the performance of their occupational duties, have cause to suspect that a child has suffered harm as a result of child abuse or neglect shall immediately report the harm to the nearest office of the depart-

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

ment [Department of Health and Social Services]:

(1) Practitioners of the healing arts[.]

Based on Webb's report, the Alaska State Troopers began an investigation, which culminated in the charge against Walstad.

Walstad moved to suppress all of the evidence obtained by the troopers in the course of their investigation, asserting that Webb's report of sexual abuse violated the psychotherapist-patient and communications with clergy privileges. According to Walstad, because the troopers' investigation resulted entirely from Webb's disclosure of privileged information, all of the evidence against him was tainted and subject to suppression as a fruit of the poisonous tree.

Superior Court Judge Neisje J. Steinkruger found that Walstad's communications with Webb were covered by both the psychotherapist-patient and communications to clergy privileges. On that basis, the judge ruled that Webb could not be called as a witness against Walstad. Judge Steinkruger further found, however, that Webb's report was not itself inappropriate, because the reporting requirement set forth in AS 47.17.020 amounted to a limited abrogation of the psychotherapist-patient privilege. Judge Steinkruger ruled that, in his role as counselor, Webb was required to report the abuse, notwithstanding the communications to clergy privilege. Finding no impropriety in the report, Judge Steinkruger concluded that the fruits of the report were not subject to suppression.

■ In claiming error on appeal, Walstad advances three arguments. First,

Walstad claims that the reporting statute does not abrogate the psychotherapist-patient privilege. He relies primarily on this court's decision in *State v. R.H.*, 683 P.2d 269 (Alaska App.1984), which held that AS 47.17.020 was not meant to abrogate the privilege. Walstad further maintains that, even if the reporting statute had been meant to abrogate the privilege, it could not properly be held to accomplish this objective, because the legislature failed to expressly state its intent to do so. *See Leege v. Martin*, 379 P.2d 447 (Alaska 1963) (holding that statutory changes to procedural rules promulgated by the supreme court must be enacted by a two-thirds vote of the legislature and accompanied by an express statement of legislative intent to amend). Finally, Walstad asserts that, even if AS 47.17.020 validly abrogated the psychotherapist-patient privilege, Webb's report of abuse to the troopers was still independently barred by the communications to clergy privilege, Alaska Rule of Evidence 506, which remains unaffected by the reporting statute.

None of Walstad's arguments have merit, since they all proceed from a mistaken view of the scope of the two privileges here at issue.

■ The psychotherapist-patient and communications to clergy privileges are embodied in the Alaska Rules of Evidence,[1] which were promulgated by the Alaska Supreme Court pursuant to its constitutional authority to "make and promulgate rules governing practice and procedure in civil and criminal cases...." Alaska Const., art. IV, § 15.[2] As creatures of the court's

---

1. The psychotherapist-patient privilege is set forth in Rule 504 of the Alaska Rules of Evidence, which provides, in relevant part:

(b) *General rule of privilege.* A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional conditions, including alcohol or drug addiction, among himself, his physician or psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

The communications to clergy privilege is set out in A.R.E. 506, which provides, in relevant part:

(b) *General rule of privilege.* A person has a privilege to refuse to disclose and to prevent another from disclosing a confidential communication by the person to a clergyman in his professional character as spiritual adviser.

2. It is important to note that neither of the privileges at issue here has an independent basis apart from the Alaska Rules of Evidence. The scope of a testimonial privilege arising exclusively from a procedural rule of court may be considerably narrower than that of a privilege such as the right against selfincrimination,

procedural rulemaking authority, these privileges are of a limited, testimonial nature: they are not intended to restrict or govern communications between persons in general, but are instead meant to regulate disclosures occurring in the context of civil or criminal proceedings.[3]

The limited sphere within which the psychotherapist-patient and communications to clergy privileges operate is described at the outset of the Alaska Rules of Evidence: under A.R.E. 101(a), the Rules of Evidence are generally applicable "in all proceedings in the courts of the State of Alaska...." Under A.R.E. 101(b), however, rules of privilege are given somewhat broader application; they are not confined to proceedings "in the courts" but are instead applicable "at all stages of all actions, cases, and proceedings." Though extending the reach of the rules of privilege beyond the strict confines of the courtroom, A.R.E. 101(b) still restricts privileges to the sphere of "actions, cases, and proceedings." *Id.* The rule makes no pretense of regulating

the disclosure of information in other contexts.

The same limits on the operative sphere of the psychotherapist-patient and communications to clergy privileges are implicit in the Alaska Constitution's provisions restricting the supreme court's rulemaking authority to procedural matters, as well as in its grant to the legislature of concomitant authority to regulate matters of substantive policy. Just as the "court should be wary of unwarranted extensions of the legislature's power to create substantive rights which encroach upon the procedural rules arena," *Allred v. State*, 554 P.2d 411, 427 (Alaska 1976) (Rabinowitz, J., concurring), so must it be wary against unwarranted extensions of its own procedural powers into the substantive arena of general human intercourse.[4]

In the present case, the superior court ruled that both the psychotherapist-patient and communications to clergy privileges applied to communications between Walstad and Webb that occurred within their

which is explicitly set out in the constitution, U.S. Const. amend. V; Alaska Const. art. I, § 9, or the lawyer-client privilege, A.R.E. 503, which, though adopted as part of the Alaska Rules of Evidence, is inextricably tied to the constitutional right to counsel U.S. Const. amend. VI; Alaska Const. art. I, § 11. We emphasize that our opinion in this case addresses only the two privileges currently before us.

3. In this regard, a useful distinction has been noted between evidentiary privileges, which "bar the use, *in court proceedings*, of certain information obtained by a professional during the course of treatment," and nondisclosure laws, which "apply both *inside and outside court proceedings*." R. Weisberg and M. Wald, *Confidentiality Laws and State Efforts to Protect Abused or Neglected Children: The Need for Statutory Reform*, 18 Family Law Quarterly 143, 145 (1984) (footnote omitted) (emphasis in original).

4. As the state correctly notes in its brief, it appears that both the Alaska Supreme Court and the Alaska Legislature have implicitly recognized the distinction between substantive, generally applicable confidentiality requirements and procedural privileges that are of a limited, testimonial nature. For instance, in A.R.E. 504(d)(5), the supreme court carved out an exception to the psychotherapist-patient privilege for information contained in mandatory reports when the reported information is made open to the public:

(d) *Exceptions.* There is no [psychotherapist-patient] privilege under this rule:

. . . . .

(5) *Required report.* As to information that the physician or psychotherapist or the patient is required to report to a public employee, or as to information required to be recorded in a public office, if such report or record is open to public inspection....

In carving out this limited exception, the supreme court implicitly recognized that in some nontestimonial contexts, the legislature can require disclosure of information which remains privileged from disclosure in testimonial contexts.

The legislature, for its part, has implicitly recognized the same type of distinction by specifying its intent to alter court rules (in compliance with *Leege v. Martin*, 379 P.2d 447 (Alaska 1963)) when abrogating a testimonial privilege, while omitting any statement of intent when enacting nontestimonial exceptions to general confidentiality provisions that parallel an established privilege. *Compare, e.g.,* AS 08.86.200(b) (carving out exception to the general rule of confidentiality as to psychotherapist-patient communications for reports of abuse required under AS 47.17.020) *with* AS 47.17.060 (partially abrogating physician-patient privilege). For an extensive discussion of the interplay between general confidentiality statutes and procedural privileges, see *Allred v. State*, 554 P.2d 411 (Alaska 1976).

counseling relationship. On this ground, the court barred any testimonial disclosure of the confidential communications. The state has not challenged the superior court's ruling.[5] Walstad's claim on appeal thus deals only with the admissibility of evidence gathered as a result of Webb's nontestimonial report to the authorities.

In support of his claim that this evidence should be suppressed, Walstad invokes the fruits of the poisonous tree doctrine. That doctrine, however, presupposes a poisonous tree; to prevail, Walstad must, at a minimum,[6] establish some impropriety in Webb's report to the authorities. It is uncontroverted that Webb's report of sexual abuse was made in an out-of-court statement that was unrelated to any action, case or proceeding then pending. For this reason, although it divulged confidential communications between Walstad and Webb, the report did not amount to a violation of the psychotherapist-patient or communications with clergy privileges. In the context in which Webb's report was made, neither privilege attached. Because Webb's report violated no privilege, the fruits of his report were not tainted by the violation of a privilege.

Nor was Webb's report improper in any other respect. As a general matter, under AS 08.86.200(a), Webb was required to keep his communications with Walstad confidential: .

> *Confidentiality of communication.* (a) A psychologist or psychological associate may not reveal to another person a communication made to the psychologist or psychological associate by a client about a matter concerning which the client has employed the psychologist or psychological associate in a professional capacity. This section does not apply to a case conference with other psychologists, psychological associates or with physicians and surgeons, or in the case in which the client in writing authorized the psychologist or psychological associate to reveal a communication.

Subsection (b) of the same provision, however, carves out an exception to this general rule of confidentiality:

> Notwithstanding (a) of this section, a psychologist or psychological associate

---

**5.** In *State v. R.H.,* 683 P.2d 269 (Alaska App. 1984), we held that Alaska's mandatory child abuse reporting law did not abrogate the psychotherapist-patient privilege in criminal proceedings. In particular, we considered AS 47.-17.060, which provided:

> *Evidence not privileged.* Neither the physician-patient nor the husband-wife privilege is a ground for excluding evidence regarding a child's harm, or its cause, in a judicial proceeding relating to a report made under this chapter.

Our opinion in *R.H.* concluded that a criminal proceeding resulting from a mandatory report of sexual abuse filed pursuant to AS 47.17.020 did not amount to "a judicial proceeding relating to a report made under this chapter." We construed the statutory language abrogating the privilege as extending only to child custody proceedings under Title 47.

In the present case, Judge Steinkruger relied on *R.H.* in ruling that the state was barred from calling Webb as a witness against Walstad at trial. Although the state has not actually challenged Judge Steinkruger's ruling, both parties have recognized that statutory amendments since *R.H.* raise questions concerning the continuing validity of our decision. The parties have thus devoted considerable attention to this issue in their briefs. In light of our conclusion that the evidentiary privileges at issue in this case apply only to disclosures made at some stage of an action, case or proceeding, A.R.E. 101(b), we need not consider the extent to which *R.H.* remains valid.

**6.** We note, moreover, that there seems to be considerable doubt as to the extent to which the fruits of the poisonous tree doctrine should apply in cases involving violations of evidentiary privileges. The general purpose of the Rules of Evidence is to facilitate the search for truth. *See* A.R.E. 102. Rules of privilege work against this purpose: "rather than facilitating the illumination of truth, they shut out the light." *McCormick on Evidence* § 72, at 171 (E. Cleary 3d ed. 1984). For this reason, there appears to be little consensus as to the extent to which the fruit of the poisonous tree doctrine should be applied in cases involving violations of evidentiary privileges. As Weinstein notes:

> If the government was a party to the improper breach *and* a constitutional privilege was involved the legal fruits doctrine will apply. In other instances the court has some discretion. Generally it will admit, bearing in mind the general policy in favor of truth rather than exclusion.

2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 512 [02] (1991) (footnote omitted) (emphasis in original).

shall report incidents of child abuse or neglect as required by AS 47.17.020.

It is undisputed that Webb's report of Walstad's sexual abuse was mandated under AS 47.17.020(a). Walstad does not challenge the validity of the reporting requirement, and this court has upheld it in other contexts. *See Strehl v. State*, 722 P.2d 226 (Alaska App.1986). Since Webb's report was made in accordance with AS 47.17.020(a), it fell within the exception stated in AS 08.86.200(b) and did not violate the general statutory requirement of confidentiality.

■ As another basis for his suppression claim, Walstad cites rule 511 of the Alaska Rules of Evidence:

Evidence of a statement or other disclosure of privileged matter is not admissible against the holder of the privilege if the disclosure was (a) compelled erroneously or (b) made without opportunity to claim the privilege.

■ By its own terms, however, this rule deals only with disclosures that were impermissible when originally made—that is, disclosures as to which a contemporaneous claim of privilege would have succeeded but for an erroneous ruling or the lack of opportunity for objection.

Here, Webb's report of sexual abuse occurred outside the sphere in which evidentiary privileges attach. Had Walstad objected to the report when it occurred, neither the psychotherapist-patient privilege nor the communications to clergy privilege would have barred Webb from proceeding with the disclosure. By the same token, to the extent that Webb may have felt compelled to make his report, he was not "compelled erroneously...." Webb's report thus did not contravene A.R.E. 511; that rule does not justify the suppression of evidence resulting from the report.

In conclusion, Webb's report of sexual abuse violated neither the psychotherapist-patient nor the communications to clergy privilege. The results of the investigation triggered by that report were untainted by any impropriety. Consequently, the superi-or court did not err in denying Walstad's motion to suppress evidence.

The order denying the motion to suppress evidence is AFFIRMED.

MANNHEIMER, J., not participating.